335 So.2d 764 (1976)
Chester F. DUPONT d/b/a B & D Electric Company, Plaintiff-Appellee,
v.
Marvin POOLE et al. (Little Lodge of Opelousas Inc., Garnishee), Defendant-Appellant.
No. 5491.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
Rehearing Denied August 18, 1976.
*765 John Levy, Metairie, for defendant-appellant.
Charles N. Wooten, Ltd. by Robert P. Brenham, Lafayette, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and BERTRAND, JJ.
GUIDRY, Judge.
On February 24, 1975, Plaintiff, Chester F. Dupont d/b/a B & D Electric Company, secured a judgment against Marbane Investments Inc. and Marvin Poole, jointly and in solido, in the principal sum of $43,439.61. Thereafter, on September 3, 1975, plaintiff filed this proceeding alleging that Little Lodge of Opelousas Inc. had funds belonging to the judgment debtors, Marbane and Poole, in an amount sufficient to pay said judgment and accordingly it should be made garnishee and ordered to answer categorically, in writing and under oath, certain interrogatories which were attached to plaintiff's petition. Service of citation and a copy of the garnishment petition with interrogatories annexed was made upon the garnishee, through the Secretary of State, on September 10, 1975. The Secretary of State thereafter forwarded same to the garnishee. The garnishee failed to answer the interrogatories within 15 days, as required by LSA-C.C.P. Article 2412. Plaintiff then filed a contradictory motion, LSA-C.C.P. Article 2413, against the garnishee for the amount of the unpaid judgment. Citation and a copy of this contradictory motion was served on the garnishee. This contradictory motion was originally fixed for hearing on November 21, 1975; however, the hearing was continued until November 25, 1975, apparently at the request of defendant's counsel. (Tr. pg. 2) The defendant filed no exceptions, answer or other pleadings in response to the plaintiff's motion for a judgment pro confesso. On November 25, 1975 the motion was heard and evidence adduced, the defendant being represented at this hearing by its counsel of record. The only evidence introduced at the hearing of November 25th concerned the procedure which was followed by the Sheriff and Clerk of Court of St. Landry Parish in attempting service of the original proceedings on the garnishee-defendant and the ultimate service thereof on the Secretary of State. No evidence whatever was introduced by the defendant *766 to show that it had no property of or was not indebted to the judgment debtors. The trial court took the matter under advisement and subsequently rendered judgment against the garnishee for the amount of the unpaid judgment. On December 5, 1975, defendant filed a motion for a new trial which motion was heard and denied on December 9, 1975. The defendant has appealed and urges that the judgment of the trial court is void by reason of insufficient service and citation. Specifically, defendant urges that the garnishee's registered agent was not served as required by law (LSA-C.C.P. Article 1261); that service on the Secretary of State was improper without a prior showing, by certificate of the Sheriff, of diligent effort to locate the registered agent (LSA-C.C.P. Article 1262); and, the certificate of the Secretary of State proving the sending by registered mail of notice of suit, copy of process and return receipt signed by the Corporation official showing that all was received by the Corporation was never offered into evidence.
A judgment is absolutely null without citation and service, LSA-C.C.P. Article 1201, however, a party may waive his right to object to the insufficiency or lack of citation and service if he submits to the jurisdiction of the court by making a general appearance in the proceeding pending against him.
LSA-C.C.P. Article 2593 provides as follows:
"A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.
Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of on, the trial. An answer is not required, except as otherwise provided by law.
No responsive pleadings to an exception are permitted."
LSA-C.C.P. Article 925 provides in pertinent part as follows:
"The objections which may be raised through the declinatory exception include, but are not limited to, the following:
(1) Insufficiency of citation;
(2) Insufficiency of service of process;

. . . . . .
When a defendant makes an appearance, all objections which may be raised through the declinatory exception, except the court's lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein."
LSA-C.C.P. Article 7 provides in pertinent part as follows:
"Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the grounds of the non-residence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant."
In the instant case defendant, through its counsel, in appearing and participating in the summary proceeding conducted on November 25, 1975 made a general appearance and has therefore waived any right which it might have had to object *767 to the insufficiency or lack of citation and service. There is nothing in the record which would indicate that defendant's appearance at and participation in the hearing on the contradictory motion, through counsel, was anything but a "general appearance". It is true that the only evidence adduced at this hearing concerned the procedural aspects of the service made on the defendant through the Secretary of State, however, defendant did not limit its appearance at this hearing to the issue of insufficiency of or lack of service and citation by the filing of a declinatory exception pursuant to LSA-C.C.P. Article 925. Defendant filed no pleadings whatever and simply appeared at this hearing, without objection, pursuant to the contradictory motion previously filed by plaintiff. Defendant made a second general appearance in the instant proceeding when it affirmatively invoked the jurisdiction of the trial court by filing an application for a new trial. In the rather recent case of Cook v. Deshautreaux & Klein Pediatric Clinic et al., 294 So.2d 591 (La.App. 4th Cir., 1974), application denied 296 So.2d 834 (La.), the court stated:
"Under the above quoted provisions of LSA-C.C.P. Art. 7, a defendant makes a general appearance, and waives the right to object to the sufficiency or lack of citation and service, when he affirmatively invokes the jurisdiction of the court for the purpose of seeking any relief other than those enumerated in the article. (See McMahon 23 La.L.Rev. 378) Here, the appellants sought, not a trial, but a new trial solely on the grounds of newly discovered evidence and that the judgment was contrary to the law and the evidence. In doing so they affirmatively invoked the jurisdiction of the court and thereby waived all objections thereto. . . ."
Accordingly, we hold that the judgment of the trial court is not invalid by reason of insufficiency or lack of citation and service as contended by appellant. Further, we determine that the record amply supports a finding that the plaintiff-appellee, having otherwise complied with the provisions of LSA-C.C.P. Articles 2411, 2412 and 2413, is entitled to judgment against defendant-appellant, Little Lodge of Opelousas, Inc., for the amount of the unpaid judgment.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.