GAUDIN, Judge.
This is an appeal by Marie D’Arensbourg from a judgment rendered against her for failing to respond to garnishment interrogatories. On appeal, she contends (1) that service of process on her personally was improper and (2) that she at no time waived service. We agree with these arguments and reverse the appealed-from judgment of the 24th Judicial District Court.
The original judgment was rendered against John J. Mooney. The subsequent garnishment interrogatories were directed to: “Marie’s Reception Hall & Catering.” There was no answer. A “Rule for Judgment Pro Confesso” was filed, directed to Marie’s Reception Hall & Catering.
When the rule was called in district court, the attorney representing D’Arens-bourg immediately advised the trial judge “... that there has never been any proper service.” Following a recess, counsel for the judgment creditor (K & B Employees Federal Credit Union) said:
"... We have entered into an agreement as follows: I will prepare a judgment pro confesso in accordance with my rule that we will have our judgment against Marie’s Catering for the amount due, plus attorney’s fees in the amount of $200.00 and all costs of today’s proceedings, with the understanding that Marie’s Catering will begin today or the next pay period to begin remitting the garnishment funds of Mr. Mooney in accordance with this garnishment and according to law. If at any time Mr. Mooney leaves the employ of Marie’s Catering, is fired, quit or laid off or whatever, our judgment will then become executory and we will attempt to collect the balance due. What we are trying to do is allow Marie’s Catering, now that we are in court, to begin the garnishment and when in the event that they do not comply then I will have some protection with my judgment, which will be effective *985 from the date of the filing of the garnishment.”
D’Arensbourg's attorney then said: “The only thing I have to put on the record is that Marie D’Arensbourg for Marie's contends that she was not properly served.”
The judgment prepared by the representative of the credit union casts in judgment: “Marie D’Arensbourg d/b/a Marie’s Reception Hall & Catering.” Obviously, D’Ar-ensbourg is personally responsible; however, the judgment was not in accord with the stipulation, which clearly says that the credit union “... will have our judgment against Marie’s Catering ...” There is absolutely no mention of D’Arensbourg’s personal liability in the stipulation.
The credit union believes D’Arensbourg, by her inactions and silence and by her own entered-into stipulation, should be estopped from disclaiming personal responsibility. Appellant cites Dupont v. Poole, 335 So.2d 764 (La.App. 3 Cir.1976), where a garnishee, through counsel, appeared and participated in summary proceedings although not correctly served. The Third Circuit said:
“A judgment is absolutely null without citation and service. LSA-C.C.P. Article 1201, however, a party may waive his right to object to the insufficiency or lack of citation and service if he submits to the jurisdiction of the court by making a general appearance ...”
Here, D’Arensbourg did make an appearance, through counsel, but only to object to service. There is no suggestion of a waiver; to the contrary, D’Arensbourg more than once, through counsel, pointed out the legal insufficiency of citation and service. D’Arensbourg was not called as a witness and in no way misled the court or the credit union’s attorney.
For these reasons, we set aside the in personam judgment against Marie D’Arensbourg with the credit union to bear costs of this appeal.
REVERSED.