WALTZER, Judge,
concurs.
I concur with the majority’s reversal of the trial court’s judgment holding Ronald Alexander liable for plaintiffs damages.
*1323 I do not believe that the trial court’s finding that Ronald Alexander was the driver of the car that struck plaintiff was manifestly erroneous under the standard set forth by the Louisiana Supreme Court in its opinions in Canter v. Koehring Company, 283 So.2d. 716 (La.1973), Arceneaux v. Domingue, 365 So.2d 1330 (La.1979), Rosell v. ESCO, 549 So.2d 840 (La.1989), Stobart v. State, Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993) and Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La. 1993). As the standard for appellate review of trial court findings of fact, and the concept of manifest error have been developed through these opinions over a period of two decades, courts of appeal are to apply a two-part test in order to determine whether a trial court’s factual determination is properly reversed:
the record shows that a reasonable factual basis does not exist for the finding of the trial court, AND
the record establishes that the finding is clearly wrong (manifestly erroneous). Sto-bart, supra, at p. 882. The issue to be resolved by a reviewing court is NOT whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id.
The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court. The appellate review should determine whether the finding is reasonable in light of the record reviewed in its entirety. Arceneaux, supra at p. 1333.
Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell, supra at p. 844. The Supreme Court outlined the reasons for this deference to the trier of fact:
“[0]nly the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.” Id.
In this case, there is no contradictory documentary or objective evidence. The only documentary evidence, the police report, supports the trial court’s finding. We are constrained to recognize that this finding is based on the trial court’s decision to credit the testimony of one or more witnesses, in this case the police officer, and to discredit others, in this case Mr. Alexander and defendant Dorothy Bailey, and such a determination can virtually never be manifestly erroneous or clearly wrong. Rosell, supra at 845.
Judge Katz had the opportunity to observe the witnesses, and his credibility conclusion having some basis in the testimony and documentary evidence, we should not disturb that conclusion.
The majority correctly notes that Mr. Alexander was never served with citation and petition in this ease. Further, he testified that he does not own a car and has no automobile insurance. Counsel for defendant Varnado’s insurer admitted that he had not conferred with Mr. Alexander about the trial, or obtained from him any authorization for his purported representation. Counsel’s first contact with Mr. Alexander was, according to counsel, immediately prior to the taking of Mr. Alexander’s trial testimony. Mr. Alexander was not deposed, and had no prior knowledge of record of the pendency of the lawsuit or of the fact that he could be east in judgment. The answer filed by counsel for State Farm on behalf of Mr. Alexander was filed without Mr. Alexander’s notice, authority or consent. Counsel for State Farm was never appointed by Mr. Alexander to serve as his attorney or agent for service of process.
“A. Citation and service thereof are essential in all civil actions except summary and executory proceedings and divorce actions under Civil Code Article 102. Without them all proceedings are absolutely null.
“B. The defendant may expressly waive citation and service thereof by any written waiver made a part of the record.” La. Code Civ.P. art' 1201.
While a general appearance in the relevant proceeding may constitute a valid waiver of citation and service, Dupont v. Poole, 335 So.2d 764 (La.App. 3rd Cir.1976), application denied August 18,1976, the mere presence of a party in the courtroom or on the stand *1324 during the trial does not constitute an appearance with the meaning of Article 7 of the Code of Civil Procedure. Freire v. Wiles, 284 So.2d 817 (La.App. 4th Cir.1973).
The only contact of record between Mr. Alexander and this proceeding was his taking the stand at trial. It does not appear of record that he even participated in the proceedings by attendance during the trial previous to his testimony.
I would reverse the judgment against Mr. Alexander based on its absolute nullity, arising from the fact that plaintiff failed to serve this defendant and the record is devoid of evidence of Mr. Alexander’s waiver of citation and service either by the written waiver authorized by article 1201 of the Code of Civil Procedure or by a general appearance in the proceedings.