17 So.3d 919 (2009)
Benny NAGHI, et al.
v.
Lisa BRENER, et al.
No. 2008-CC-2527.
Supreme Court of Louisiana.
June 26, 2009.
Rehearing Denied September 4, 2009.
Hulse & Wanek, John A. Stewart, Jr., New Orleans, for Applicant.
The Law Office of David W. Bernberg, David William Bernberg, Henna Ghafoor, New Orleans, for Respondent.
VICTORY, J.[*]
We granted this writ application to determine whether Louisiana Code of Civil Procedure Article 1153, allowing an amended petition to relate back to the time of filing of the original petition, applies to the one-year peremptive period to bring *920 legal malpractice actions under La. R.S. 9:5605. Because nothing may interfere with the running of a peremptive period, we hold that an amended and supplemental petition adding a plaintiff cannot relate back to the original petition in this case; therefore, we reverse the judgments of the lower courts and remand the case to the district court to grant the defendant's exception of peremption.

FACTS AND PROCEDURAL HISTORY
Plaintiffs, Benny and Ephraim Naghi, were represented by Lisa Brener in connection with a claim for damages which arose on October 26, 2005 when their property was damaged by fire. According to the plaintiffs, Ms. Brener failed to pursue the claim timely, resulting in prescription of their claim on October 26, 2006. On December 7, 2006, the plaintiffs filed the instant legal malpractice suit against Lisa Brener and her professional law corporation. The named plaintiffs were Benny and Ephraim Naghi. In response, Ms. Brener filed a partial exception of no right of action and motion for summary judgment, asserting that the property was actually owned by Mohtaram, Inc., and not by the Naghis personally, and that therefore, the Naghis had no right of action for damage to the property. The Naghis are directors and shareholders of Mohtaram, Inc. The trial court granted the exception and allowed plaintiffs ten days to amend their petition.[1] On March 12, 2008, plaintiffs filed a "First Supplemental/Amending Petition," to "add and designate proper party plaintiff, Mohtaram, Inc." Ms. Brener then filed an "Exception of No Cause of Action, Exception of Prescription, Exception of Peremption,[2] Exception of No Right of Action[3] and Motion for Summary Judgment,"[4] essentially arguing that the claims asserted in the First Supplemental/Amending Petition were perempted under La. R.S. 9:5605.
The trial court denied the Exception of Peremption and Motion for Summary Judgment.[5] In written reasons for judgment, the court found that the Supplemental/Amending petition was filed within the three-year peremptive period provided by *921 La. R.S. 9:5605. However, although that petition was not filed within the one-year period, the trial court found that period to be prescriptive, and held that, therefore, the petition would relate back to the original petition if the factors set forth in Giroir v. South Louisiana Medical Center, Div. of Hospitals, 475 So.2d 1040 (La. 1985), were met.[6] The court found the Giroir factors were met, stating as follows:
In the case presently before the Court, plaintiffs meet all of the criteria necessary to have their amended Petition relate back to their Original Petition. The amended Petition in no way changes the claims asserted or the conduct, transaction or occurrence set forth in the original pleading. Lisa Brener, as the attorney for the members of the corporation and, presumably, the corporation, knew or should have known of the existence or involvement of the corporation. The newly added corporations [sic] are sufficiently related to the original plaintiff members of the corporation. There is no prejudice to Lisa Brener in preparing or conducting her defense as she will have the same defenses against the corporation as she potentially has against the members of the corporation. Thus, there is relationship back, and the claims asserted by the newly added defendant [sic] are not prescribed.
Ms. Brener applied for supervisory writs from this ruling, relying on Broadscape.com, Inc. v. Matthews, 07-0545 (La. App. 4 Cir. 3/5/08), 980 So.2d 140, in which the Fourth Circuit Court of Appeal held that the one-year period in La. R.S. 9:5606 was peremptive and could not be interrupted or suspended by relation back of a petition under La. C.C.P. art. 1153. The Fourth Circuit denied the writ application, stating:
The trial court did not err by denying Relators' exception of peremption. According to the express terms of the statute, both the one and three year time periods set forth in La. R.S. 9:5606 for bringing a legal malpractice action are peremptive and therefore cannot be renounced, interrupted, or suspended. See La. R.S. 9:5606(B). However, as this court has previously held, if an amended petition in such an action is found to relate back to the original petition (which is determined using the same criteria that would be used to decide whether an amended petition relates back in any other action), the peremptive periods begin to run on the date the original petition was filed. See International River Center v. Beck, 95-1396 (La.App. 4 Cir. 4/10/96), 672 So.2d 1160 [writ denied, 96-1185 (La.6/21/96), 675 So.2d 1083]; Fourmigue v. Francioni, 06-1437 (La.App. 4 Cir. 8/22/07)[, 962 So.2d 512] (unpublished). To the extent that the holding in Broadscape.com v. Matthews, 07-0545 (La. App. 4 Cir. 3/5/08), 980 So.2d 140, upon which Relators rely, may suggest a different result, we choose to follow this court's earlier precedent cited above.
In the instant case, we find no error in the trial court's conclusion that the *922 plaintiffs' amended petition related back to the original petition under the terms of La. C.C.P. art. 1153, and that therefore the suit was filed within both the one and three-year peremptive periods.
Naghi v. Brener, 08-1014 (La.App. 4 Cir. 9/26/08). We granted defendants' writ application. Naghi v. Brener, 08-2527 (La.2/6/09), 2 So.2d 432.

DISCUSSION
La. R.S. 9:5605 provides for the time limits in which to file legal malpractice actions:
A. No action for damages against any attorney at law duly admitted to practice in this state ... whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all event such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred.... The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
...
As La. R.S. 9:5605(B) clearly provides that the one and three year periods are peremptive, in Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, this Court held that the three-year period was peremptive and thus, the plaintiff's claim was time-barred because he did not file his action three years from the date of the negligent act,[7] even though he did not discover the basis for his claim until after that time period had expired. While we realized the unfairness that may result from this holding, we recognized that the enactment of a statutory period for filing suit is strictly a legislative prerogative, just as it would be within the legislative prerogative not to allow a legal malpractice action at all. 701 So.2d at 1297. Because the statute is peremptive, rather than prescriptive, we declined to allow the period to be suspended by the "continuous representation rule," holding that, because peremptive periods may not be renounced, interrupted, or suspended, the doctrine of contra non valentum does not apply. Id. at 1298.
While the facts in Reeder concerned the three-year period of La. R.S. 9:5605 and led to our holding that the three-year period was peremptive, for the same reasons we stated in Reeder, the one-year period is also peremptive. See La. R.S. 9:5605(B) ("[t]he one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended"); *923 Teague v. St. Paul Fire and Marine Ins. Co., 07-1384 (La.2/1/08), 974 So.2d 1266, 1274 ("[a] straightforward reading of the statute clearly shows that the statute sets forth two peremptive limits within which to bring a legal malpractice action, namely one year from the date of the alleged act or one year from the date of discovery with a three-year limitation from the date of the alleged, act, omission, or neglect to bring such claims").
As early as 1900, this Court recognized the difference between prescription and peremption, as follows:
When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost.
Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899, 901 (1900); see also Pounds v. Schori, 377 So.2d 1195 (La.1979) (liberative prescription merely prevents the enforcement of a right by action; in contrast, peremption destroys the right itself). In 1982, La. C.C. art. 3458 was enacted, based on this Louisiana jurisprudence, to provide:
Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.
Acts 1982, No. 187, § 1, eff. Jan. 1, 1983. By that same Act, Article 3461 was enacted, also based on Louisiana jurisprudence and Article 280 of the Greek Civil Code, to provide that "[p]eremption may not be renounced, interrupted, or suspended." After the enactment of these code articles, we more fully explained the distinction between prescription and peremption in Hebert v. Doctors Memorial Hosp., 486 So.2d 717, 723 (La.1986):
Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La.C.C. art. 1762(1)); peremption, however, extinguishes or destroys the right (La.C.C. art. 3458). Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentum are not applicable. As an inchoate right, prescription, on the other hand, may be renounced, interrupted, or suspended; and contra non valentum applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause when it accrues.
This case involves the interaction of La. C.C.P. art. 1153 and the one-year peremptive period of La. R.S. 9:5605. The Naghis discovered the alleged malpractice when their claim for damages prescribed on October 26, 2006. While the original petition filed on behalf of "Benny and Ephraim Naghi" was timely filed within one year, on December 7, 2006, that petition was brought on behalf of parties that had no right of action to bring the property damages claim as the Naghis did not own the property individually. After the one-year period had run, the petition was supplemented and amended to name the owner of the property, Mohtaram, Inc., as proper party plaintiff. The plaintiffs allege that the Supplemental/Amending Petition *924 was timely filed because it relates back to the filing of the original petition pursuant to La. C.C.P. art. 1153.
La. C.C.P. art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading.
Although this article speaks only to the relation back of an "action or defense," this Court has applied this article to allow the relation back of pleadings adding a defendant, Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins., 434 So.2d 1083 (1983), or adding a plaintiff, Giroir, supra, if certain conditions are satisfied. Plaintiffs assert that the amended petition meets the requirements set forth in Giroir, and that, therefore, it should be allowed to relate back to the original timely filed petition. Plaintiffs argue that relation back under this article does not interrupt or suspend the peremptive time period, it merely applies the date of the original petition to the amended petition. We disagree.
"The primary importance of [La. C.C.P. art. 1153] is the avoidance of prescription by amending to add an overlooked defendant or cause of action or to join a tardy plaintiff." Frank L. Maraist, 1 Louisiana Civil Law Treatise: Civil Procedure, § 6:10, p. 224 (2nd Ed.2008) (emphasis added); see also Ray, supra at 1086 (holding that an amended petition may not add a wholly new and unrelated defendant, "since this would be tantamount to asserting a new cause of action which would have been otherwise prescribed"). While Article 1153 does not specifically refer to its effect on statutory time limitations for filing suit, there can be no question but that "relation back" of an untimely filed amended petition directly interferes with the application of prescription or peremption by allowing a claim that would have otherwise prescribed or been perempted to proceed. Thus, we cannot consider Article 1153 in a vacuum without considering whether it has a prohibitive effect on the operation of peremption.
This Court has never directly addressed whether an amended petition adding a plaintiff will related back to the original timely filed petition under Article 1153 where the time period for filing suit is peremptive, rather than prescription. However, in Naquin v. Lafayette City-Parish Consol. Government, 06-2227 (La.2/22/07), 950 So.2d 657, we held that new claims added by an amended pleading after the peremptive period provided in La. Const. art. 6, § 35 had expired were perempted and could not be considered. Although the plaintiffs in that case argued that no new issues were raised in the supplemental pleading, we carefully analyzed whether the claims presented in the supplemental pleading were also raised in the original, and timely filed, pleading and held that any claims not raised in the original pleading were perempted. We held that the peremptive period in that case was "intended to limit the rights of parties who have timely raised challenges to expand their pleadings to raise new issues after the passage of the constitutional peremptive period, even if the expansion is presented in the guise of supplemental argument." 950 So.2d at 669. While we did not specifically refer to Art. 1153 in that case, we relied on a court of appeal case that held that "a supplemental challenge ... that was filed by plaintiffs after the peremptive period did not relate back to the date of the filing of the original petition that did not state a cause of action." Id. at 668 (citing Lege v. Vermillion *925 Parish School Bd., 360 So.2d 664 (La.App. 3 Cir.1978)).
Other courts of appeal have specifically considered the issue of whether a untimely filed amended or supplemental petition could relate back to the filing of a timely filed petition in a legal malpractice case. In Broadscape.com, Inc., supra, the plaintiff company filed a legal malpractice suit within the one-year peremptive period of La. R.S. 9:5605 but lacked the legal authority to file suit because it was not licensed to do business in Louisiana. After the peremptive period had expired, the company became licensed to do business in the state and filed a supplemental and amending petition after the peremptive period attesting that it was authorized to do business in the state. Recognizing the crucial distinction between prescription and peremption, the court held that "[s]ince the peremptive period could not be interrupted or suspended, the subsequent efforts to cure the defect in legal capacity did not relate back so as to suspend the running of the time delay." 980 So.2d at 145. In Marsh Engineering, Inc. v. Parker, 04-0509 (La.App. 3 Cir. 9/29/04), 883 So.2d 1119, writ denied, 04-2669 (La.1/28/05), 893 So.2d 73, the Third Circuit held that a supplemental and amending petition adding new defendants in a legal malpractice action filed after the peremptive period had run did not relate back to the timely filed petition. See also Robin v. Allstate Ins. Co., 02-689 (La.App. 3 Cir. 2/5/03), 844 So.2d 41, writ denied, 03-1818 (La.10/17/03), 855 So.2d 763.[8]
We agree with the holdings in those cases. While the relation back of a pleading may not technically interrupt or suspend a prescriptive or peremptive period in the sense contemplated by Civil Code articles 3462-3472, there can be no escaping the fact that relation back interferes with the operation of the prescriptive or peremptive time period in that it avoids its operation. As one commentator has stated, that is the "primary importance" of La. C.C.P. art. 1153. Maraist, supra, at p. 224. Because it is well established that "nothing may interfere with the running of a peremptive period," Hebert, supra at 723, and avoiding the peremptive period certainly interferes with the running of that period, relation back of an amended or supplemental pleading adding a plaintiff is not allowed to avoid the running of a peremptive period such as that found in La. R.S. 9:5605. Further, the relation back theory assumes that there is a legally viable claim to which the pleading can relate back. Prescription only prevents the enforcement of a right by legal action, it does not terminate the natural obligation. Pounds, supra; Hebert, supra. Peremption, however, destroys the cause of action itself. Guillory, supra; Pounds, supra; Hebert, supra. Because the cause of action no longer exists after the termination of the peremptive period and any right to assert the claim is destroyed, *926 there is nothing to which an amended or supplemental pleading filed after the peremptive period has expired can relate back. Therefore, because the Naghi's original petition, filed within the peremptive period, was brought by a party with no right of action to sue, the First Supplemental/Amending Petition filed after the peremptive party brought on behalf of the proper party plaintiff cannot relate back to the original timely filed petition.

CONCLUSION
The one and three-year periods for filing a legal malpractice suit under La. R.S. 9:5605 are peremptive time periods. Peremption differs from prescriptive in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period. La. C.C. P. art. 1153 would avoid the operation of the peremptive time period by allowing a pleading filed after the expiration of the period to relate back to the filing of an original and timely filed petition. Because the avoidance of the time period interferes with the running of that time period, relation back of a petition adding a new plaintiff is not permitted where the time period involved is peremptive. Further, because the expiration of a peremptive time period destroys the cause of action, there is nothing for an amended or supplemental petition to relate back to under La. C.C.P. art. 1153. Because the plaintiffs in this case did not file suit in the name of the proper party plaintiff before the peremptive time period of La. R.S. 9:5605 had expired, the First Supplemental/Amending Petition attempting to do so cannot relate back to the original petition under La. C.C.P. art. 1153. Therefore, the defendants' exception of peremption should have been granted.

DECREE
For the reasons stated herein, the judgments of the lower courts are reversed and the case is remanded to the trial court to grant the defendants' exception of peremption.
REVERSED AND REMANDED.
KIMBALL, C.J., dissents and assigns reasons.
JOHNSON, J., dissents.
KNOLL and WEIMER, JJ., concur in the result.
KIMBALL, C.J., dissents.
I respectfully dissent from the majority opinion in this matter, as I find that the one year period in La. R.S. 9:5605 is prescriptive, and not peremptive. The majority's holding, in finding that the one year period is peremptive, obviates the need for, and renders meaningless, the three year peremptive period. Furthermore, the statute provides that "no action for damages .... shall be brought.... unless filed .... within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered." This language in La. R.S. 9:5605(A) is virtually identical to that which is contained within the relevant portion of the Medical Malpractice Act statute, La. R.S. 9:5628(A),[1] which this court found prescriptive *927 in nature in Borel v. Young, 07-0419 (La.11/27/07), 989 So.2d 42, on rehearing. In my view, the majority's decision in the instant matter and Borel cannot logically co-exist.
While La. R.S. 9:5605(B) does state that both the one and three year periods in La. R.S. 9:5605 are peremptive, we must remember that it is our role to interpret and apply the statutes enacted by the Legislature. This court has held that:
[s]tatutory interpretation and the construction to be given to legislative acts is a matter of law and rests with the judicial branch of government. It has long been established that `[i]t is emphatically the province and the duty of the judicial department to say what the law is.'
Bourgeois v. A.P. Green Industries, Inc., et al., 00-1528, p. 10 (La.4/3/01), 783 So.2d 1251, 1260 (internal citations omitted).[2] This court has also held that, in determining whether a time period in a statute is prescriptive or peremptive, it is the legislative purpose sought to be achieved by a particular limitation period which has is the most significant factors, and "although the presence or absence of certain words may be beneficial to a court in its inquiry into the legislature's intent, the use or nonuse of certain words, while relevant, should not be the determinative factor in the analysis." State Through Div. Of Admin. v. McInnis Bros. Const., 97-0742, p. 7 (La.10/21/97), 701 So.2d 937, 942 (holding that while the legislature identified the applicable statute providing a five year statute of limitations as one of "prescription," this court found the statute peremptive).
Finally, in my opinion, the decision reached by the majority in this instance circumvents the reason we originally granted this writ, which was to determine whether Louisiana Code of Civil Procedure Article 1153, which allows an amended petition to relate back to the time of filing of the original petition, applies to the one-year period set forth in the legal malpractice statute, La. R.S. 9:5605. As a result, I respectfully dissent from the majority's decision in this matter.
NOTES
[*] Retired Judge Philip Ciaccio, assigned as Justice ad hoc, sitting for Justice Chet D. Traylor, now retired.
[1] Plaintiffs were not dismissed from the litigation, as they were able to assert some of the claims personally. The exception of no right of action was limited to the claims asserted for damage to the immovable property which was owned by Mohtaram, Inc.
[2] In 2008, La. C.C.P. art. 927 was amended to add peremption as an objection that may be raised by peremptory exception. La. C.C.P. art. 927(A)(2), added by Acts 2008, No. 824, § 1, eff. Jan. 1, 2009. Prior to that date, the proper procedural vehicle to bring an exception relating to peremption was, as a general rule, the exception of no cause of action. Coffey v. Block, 99-1221 (La.App. 1 Cir. 6/23/00), 762 So.2d 1181, 1186, writ denied, 00-2226 (La. 10/27/00), 772 So.2d 651; Dowell v. Hollingsworth, 94-0171 (La.App. 1 Cir. 12/22/94), 649 So.2d 65, writ denied, 95-0573 (La.4/21/95), 653 So.2d 572. As Ms. Brener brought the objection on peremption grounds by both an exception of peremption and an exception of no cause of action, she has utilized the proper proper procedure under Article 927 both prior to, and after, 2008. The basis for these exceptions was La. R.S. 9:5605, providing for peremptive periods for actions against attorneys.
[3] The basis for this exception was that Mohtaram, Inc. has no right to the damages claimed because it subrogated all such claims to its insurer.
[4] The basis for the motion for summary judgment was that there were no material facts in dispute that the action was perempted and that Mohtaram has been fully compensated for the damages asserted and its insurer is subrogated to such claims.
[5] After the hearing, Ms. Brener withdrew all exceptions that were pending except Exception of Peremption and Motion for Summary Judgment.
[6] In Giroir, this Court allowed a petition adding a plaintiff to relate back to the original petition under La. C.C.P. art. 1153 if the following criteria were met:

[A]n amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added of substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.
475 So.2d at 1044.
[7] Actually, although the negligent act occurred on July 10, 1989, we held that the three year period expired on September 7, 1993, pursuant to a provision in La. R.S. 9:5605(B) which stated that the provisions of that statute, enacted in 1990 and amended in 1992, were remedial, but that for an act, omission, or neglect that occurred prior to September 7, 1990, the action must be filed by September 7, 1993.
[8] In addition to the cases refusing to allow relation back to apply to the peremptive periods in the legal malpractice statute, other courts have not allowed relation back to avoid other peremptive periods. See e.g., Naquin, supra; Lege, supra; Warner v. Carimi Law Firm, 98-613 (La.App. 5 Cir. 12/16/98), 725 So.2d 592, writ denied, 99-0466 (La.4/1/99), 742 So.2d 560; Central Louisiana Bank & Trust Co. v. Avoyelles Parish Police Jury, 493 So.2d 1249 (La.App. 3 Cir. 1986); Succession of Roux v. Guidry, 182 So.2d 109 (La.App.4 Cir. 1966), writ refused, 248 La. 1106, 184 So.2d 27 (1966); but see International River Center, supra; Southside Civic Ass'n Inc. v. Warrington, 93-890 (La.App. 1 Cir. 4/8/94), 635 So.2d 721, writ denied, 94-1219 (La.7/1/94), 639 So.2d 1168; Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1 Cir. 1992), writ denied, 612 So.2d 37, 38, 101 (La.1993); Meadoux v. Hall, 369 So.2d 240 (La.App. 4 Cir. 1979), writ denied, 369 So.2d 1366 (La. 1979); McKay v. Southern Farm Bureau Casualty Co., 123 So.2d 658 (La.App. 1 Cir.1960).
[1] La. R.S. 9:5628 provides, in pertinent part:

A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
* * *
[2] See also Mallard Bay Drilling, Inc. v. Kennedy, 04-1089, p. 14, (La.6/29/05), 914 So.2d 533, 544 (holding that "[t]he interpretation of the law belongs to the judiciary, and not the Legislature.")