CAILLOU ISLAND TOWING COMPANY, INC.
v.
MARTIN & PELLEGRIN, CPA'S (A PROFESSIONAL CORPORATION)
No. 2009 CA 0795.
Court of Appeals of Louisiana, First Circuit.
December 9, 2009.
Not Designated for Publication
SIMEON B. REIMONENQ, JR. BENJAMIN W. KADDEN STEWART F. PECK and McDONALD G. PROVOSTY GUS A. FRITCHIE, III Attorneys for Plaintiff-Appellant Caillou Island Towing Co., Inc.
JAMES T. BUSENLENER MITCHELL J. HOFFMAN Attorneys for Defendant-Appellee Martin & Pellegrin, CPA'S
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, plaintiff boat company appeals from the trial court's grant of a peremptory exception raising the objection of peremption filed on behalf of defendant accounting firm that resulted in the dismissal of plaintiff's suit. For the reasons set forth below, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Caillou Island Towing Company, Inc. ("Caillou Island"), provides crewing services to third-party boat operators. Caillou Island employed Martin & Pellegrin, CPAs (A Professional Corporation)("M&P"), a certified public accounting firm, to provide Caillou Island with bookkeeping, accounting, and tax services from June 2002 through December 2004. M&P was also responsible for calculating payrolls and billings for crewing services that Caillou Island provided to third-party boat operators. Based upon M&P's monthly crewing services reports, Caillou Island billed the third-party boat operators for the cost of such crewing services. It was later learned that M&P, in preparing the crewing service reports for Caillou Island, utilized net payroll figures rather than gross payroll figures.

ACTION OF THE TRIAL COURT
In May 2005, Caillou Island filed an accounting malpractice suit against M&P, seeking damages, allegedly caused, by M&P's incorrect and negligent advice that Caillou Island relied upon, in billing third-party boat operators from June 2002 through December 2004. Caillou Island sought damages for the under-billing and for additional taxes and tax penalties. M&P responded by filing a dilatory exception raising the objection of prematurity, on October 28, 2005, on the ground that Caillou Island had not commenced a public accountant review panel in accordance with La. R.S. 37:105. On November 4, 2005, Caillou Island filed its request for review with the Society of Louisiana Certified Public Accounts (CPAs). On December 16, 2005, the parties entered into a consent judgment, maintaining the exception of prematurity and dismissing Caillou Island's petition without prejudice. This judgment was later signed by the trial court on January 11, 2006.
After much delay a review panel was selected and a hearing was set for March 5, 2007. During the pendency of the review panel proceedings, Caillou Island filed a Petition/Motion to Extend Life of CPA Review Panel, on March 19, 2007; thus commencing the instant litigation and suit. M&P responded by filing a motion for summary judgment based on a defense of peremption, on May 11, 2007.
On July 16, 2007, the trial court rendered what it captioned an "Order and Reasons" wherein it concluded that Caillou Island's accounting malpractice claims against M&P for services rendered prior to August 25, 2002, had been extinguished by operation of the three-year peremptive period set forth in La. R.S. 9:5604. Accordingly, the trial court maintained Caillou Island's right to pursue those claims arising after August 25, 2002, and held said claims were not barred by peremption.
The review panel convened on July 19, 2007, and in a letter dated July 24, 2007, stated it found the evidence supported the conclusion M&P failed to comply with the appropriate standard of care as charged in the request for review. On September 19, 2007, Caillou Island filed a Motion to Confirm Decision of Public Accountant Review Panel, seeking an order from the trial court confirming and adopting the review panel's decision as a judgment of the court. Thereafter, Caillou Island filed a Motion/Petition to Fix Damages, on October 23, 2007. On November 26, 2007, M&P filed an Opposition to Motion to Confirm Decision of Public Accountant Review Panel together with an Opposition to Motion/Petition to Fix Damages. On December 3, 2007, M&P filed declinatory exceptions raising objections of insufficiency of citation and insufficiency of service of process. M&P also filed a dilatory exception raising the objection of an unauthorized use of a summary proceeding.
At the hearing on these matters, but prior to argument, the parties reached an understanding whereby Caillou Island would dismiss without prejudice both its Motion to Confirm as well as its subsequent Motion to Fix Damages with the intention of filing an amended petition. Accordingly, Caillou Island filed an Amended Petition for Damages on January 14, 2008, wherein it asserted claims in both tort and contract. Thereafter, based upon the stipulations of the parties, the trial court signed a judgment on January 25, 2008, that dismissed without prejudice Caillou Island's Motion to Confirm as well as its subsequently filed Motion to Fix Damages, reserving to all parties all rights in the premises.[1]
M&P did not answer Caillou Island's amended petition, and the trial court entered a preliminary default against M&P, on February 26, 2008. Two weeks later, on March 5, 2008, M&P responded by filing a peremptory exception raising the objection of peremption. M&P contended Caillou Island had failed to properly file suit within the 90-day period following issuance of the review panel's decision on July 27, 2007.
After several continuances, the trial court heard arguments on M&P's exception urging peremption on June 23, 2008, and thereafter took the matter under advisement. On August 28, 2008, the trial court issued an order granting M&P's exception as to peremption, thereby dismissing Caillou Island's amended petition with prejudice. From this judgment, Caillou Island has appealed.

ISSUES PRESENTED ON APPEAL
In connection with its appeal in this matter, Caillou Island puts forth the following issues for review and consideration by this court:
1. Whether Caillou Island's claims against M&P are perempted by the three-year period set forth in La. R.S. 9:5604?
2. Whether La. Code Civ. P. art. 1153 allows the Amended Petition for Damages of Caillou Island that was filed on January 14, 2008, to relate back to its earlier Motion/Petition to Fix Damages that was filed on October 23, 2007?

STANDARD OF REVIEW
The Louisiana Constitution of 1974 provides that the appellate jurisdiction of the courts of appeal extends to both law and facts. La. Const., art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882, n.2 (La. 1993). If the trial court or jury findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989).

DISCUSSION
Caillou Island is appealing the trial court's decision to grant M&P's peremptory exception urging peremption pursuant to La. R.S. 9:5604 that resulted in the dismissal of Caillou Island's claims against M&P for accounting malpractice. In granting M&P's exception, the trial court stated, in pertinent part,
The controlling date for the Court's analysis is December 2004, the date of [M&P's] final spreadsheet and the date on which Caillou Island claims to have learned of the alleged accounting malpractice. Caillou Island's November 4, 2005, review panel request prevented the extinguishing effect of peremption for one month plus 90 days after plaintiff received the review panel opinion on July 25, 2007. La. R.S. §37:105.
... By virtue of the saving period of La. R.S. §37:105, Caillou Island's petition was due with this Court by November 31, 2007, at the very latest.. . Caillou Island urges the Court to find that its Amended Petition filed on January 14, 2008, relates back to October 23, 2007 dismissed Motion/Petition for Damages. The Court disagrees. As of the hearing on January 11th, there was no viable Petition to which the Amended Petition could relate. Although the pleading is styled as a petition, it is devoid of essential elements of a petition in that it lacked the formalities of service and citation and as set for summary disposition. Notwithstanding its statements to the court on January 11th, Caillou Island took no precautions to ensure that the Judgment preserved its right to file an amended petition. In fact, Caillou Island's counsel approved the judgment as to both form and content. [Italicized language in original].
Based upon this court's review of the facts presented in this case, we note that once the review panel issued its opinion on July 24, 2007, the peremptive period continued to run and Caillou Island had a minimum of 90 days remaining within which to file suit.[2] La. R.S. 37:105(B).
On September 19, 2007, Caillou Island filed what it styled a Motion to Confirm Decision of Public Accountant Review Panel, seeking to have the opinion of the review panel confirmed and adopted by the trial court. To this pleading, Caillou Island also attached copies of the written decision of the review panel together with copies of the review panel's reasons for opinion signed by each panel member. M&P was directed to show cause on November 30, 2007, why this relief should not be granted.
Thereafter, on October 23, 2007, Caillou Island filed a Motion/Petition to Fix Damages that was also set for hearing on November 30, 2007. In this pleading, Caillou Island recounted its previously-filed documents and noted that the trial court had previously ruled it could recover for accounting malpractice on and after August 25, 2002.[3]
On November 26, 2007, M&P filed an Opposition to Motion to Confirm Decision of Public Accountant Review Panel, and objected to Caillou Island's attempt to have the trial court adopt the opinion of the accountant review panel as conclusive of M&P's liability. On that same date, M&P filed an Opposition to Motion/Petition to Fix Damages, objecting to Caillou Island's attempt to confirm damages absent a conclusive finding of liability.
Pursuant to a telephone request from one of the attorneys representing Caillou Island, the hearings set for November 30, 2007, on Caillou Island's Motion to Confirm Decision of the Public Accountant Review Panel and Motion/Petition to Fix Damages were continued to January 11, 2008. Prior to that hearing, M&P filed declinatory exceptions raising objections of insufficiency of citation and insufficiency of service of process together with a dilatory exception raising the objection of an unauthorized use of a summary proceeding on December 3, 2007. These exceptions were set for hearing on January 11, 2008, the date set for the hearings on Caillou Island's motion and petition.
On January 11, 2008, prior to the hearings on Caillou Island's Petition to Fix Damages and the exceptions to same filed by M&P, the parties reached an understanding whereby Caillou Island agreed to a judgment dismissing, without prejudice, its previously filed Motion to Confirm Decision of the Public Accountant Review Panel and Motion/Petition to Fix Damages contingent upon Caillou Island's filing of an Amended Petition for Damages. Thereafter, the parties participated in the hearing and informed the trial court of their agreement:
[Counsel for M&P]:
I think we've reached an understanding that [Counsel for Caillou Island] will dismiss his current motion/petition without prejudice, and he intends to file a new petition.
[Counsel for Caillou Island]:
I intend to file an amended petition in this same caption, just in order to plead all the substantive facts.
The Court:
Sure, okay.
[Counsel for Caillou Island]:
I think that the motion to confirm wasn't necessarily the proper way, and we need to actually go ahead and try it.
The Court:
That's probably the better way. I'm not going to tell y'all what I was going to do [with] this, but that's good. Y'all worked it out.
It is Caillou Island's position that its agreement to dismiss, at some future date, its prior pleadings was contingent upon its ability to file an amended petition. Accordingly, Caillou Island filed on January 14, 2008, its Amended Petition for Damages together with exhibits setting forth the same claims previously raised in Caillou Island's two previous filings.
With respect to amended petitions, La. Code Civ. P. art. 1151 provides,
Art. 1151. Amendment of petition and answer; answer to amended petition
A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition [by the court's maintenance of an exception] under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.
Ten days later, on January 25, 2008, the trial court signed a judgment based upon the parties' stipulations at the January 11, 2008 hearing that dismissed, without prejudice, Caillou Island's previously filed Motion to Confirm Decision of Public Accountant Review Panel together with and Caillou Island's Motion/Petition to Fix Damages.[4] The judgment further provided, "All parties reserve all rights in the premises."
M&P did not answer Caillou Island's amended petition, and the trial court subsequently entered a preliminary default against M&P, on February 21, 2008. Two weeks later, on March 5, 2008, M&P responded by filing a peremptory exception urging peremption wherein it claimed in its memorandum in support that as Caillou Island's "prior petitions had been dismissed, there was no pending original petition to be amended." Accordingly, M&P argued "the peremption period, which began to run on July 24, 2007, had expired by January 14, 2008 [the date Caillou Island filed its amended petition]." Hearings on the peremptory exception filed by M&P were thereafter continued three times, at the request of M&P. The trial court ultimately heard arguments on M&P's exception on June 23, 2008; and after taking the matter under advisement, rendered judgment on August 28, 2008, granting M&P's exception as to peremption thereby dismissing Caillou Island's amended petition with prejudice.
It is established by the Louisiana Supreme Court that nothing can interfere with the running of a peremptive period. Peremption differs from prescription in two respects: (1) the expiration of peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of peremptive time period. Naghi v. Brener, 08-2527 (La. 6/26/09), 17 So.3d 919, 926. An amended petition adding a new party does not relate back to the original petition to defeat peremption. Id. Further, new claims added by an amended petition after a peremptive period has expired were perempted and could not be considered. Naquin v. Lafayette City-Parish Consol. Government, 06-2227 (La. 2/22/07), 950 So.2d 657, 669.

CONCLUSION
At the time Caillou Island's amended petition was filed on January 14, 2008, peremption had run on all of its claims and causes of action against M&P. After a thorough review of the record, we find no manifest or legal error on the part of the trial court, and we affirm the trial court's judgment in favor of M&P, granting its exception of peremption. All costs shall be assessed against plaintiff, Caillou Island.
AFFIRMED.
NOTES
[1] The judgment rendered by the trial court contained no reference as to the disposition of the exceptions urged by M&P.
[2] It should be noted Caillou Island actually had four months within which to file suit as four months remained on the one year peremptive period. La. R.S. 9:5604.
[3] In response to M&P's earlier motion for summary judgment, the trial court, in its order and reasons filed July 18, 2007, held that Caillou Island's accounting malpractice claims against M&P were extinguished by the three-year peremptive period of La. R.S. 9:5604 with respect to all services rendered prior to August 25, 2002. Based upon the limited record before it, the trial court declined to grant summary judgment with respect to Caillou Island's remaining claims, but noted M&P could re-urge the defense of peremption should the evidence so warrant.
[4] The judgment dismissing without prejudice Caillou Island's previously filed Motion to Confirm Decision of Public Accountant Review Panel together with and Caillou Island's Motion/Petition to Fix Damages was signed on January 25, 2008, and filed on January 28, 2008.