TERRI F. LOVE, Judge.
| ,This suit arises from a challenge to candidacy for the office of Circuit Judge for the Louisiana Court of Appeal, Fourth Circuit, Third District, Division “A.” The plaintiffs sought to challenge Jeanne Nunez Juneau’s candidacy on the assertion that Ms. Juneau was a domiciliary of St. Tammany Parish. The trial court granted Ms. Juneau’s exception of peremption because the plaintiffs’ objection to candidacy failed to name the Honorable Jay Dard-enne, in his official capacity as the Louisiana Secretary of State, as a defendant. We find no error in maintaining the exception of peremption and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about July 9, 2010, Jeanne Nunez Juneau qualified with the Louisiana Secretary of State as a candidate for the office of Circuit Judge for the Louisiana Court of Appeal, Fourth Circuit, Third District, Division “A.” At 11:00 a.m. on July 16, 2010, Judith S. Scaglione and Raymond C. Do-ran, Jr. (hereinafter “Plaintiffs”) filed a petition objecting to Ms. Juneau’s candidacy with the Clerk of Court for the Thirty-Fourth Judicial District Court, Parish of St. Bernard. The Plaintiffs asserted that Ms. Juneau was not domiciled in St. Bernard Parish for one 1.¿year prior to qualifying or prior to the election date of October 2, 2010,[1] and named the following defendants:
(1) JEANNE NUNEZ JUNEAU (“Juneau”), individually as a person of the full age of majority, and domiciled in the Parish of St. Tammany, State of Louisiana, and in her capacity as Candidate for the Office of Circuit Judge for the Fourth Circuit Court of Appeals; and
(2) LENA R. TORRES, in her capacity as Clerk of Court for the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana.
Prior to the trial court’s hearing on the merits,[2] Ms. Juneau filed peremptory exceptions of prescription, peremption, non-joinder, and no cause of action. Ms. Juneau’s exceptions were based on the fact that the Plaintiffs’ petition failed to name as a defendant the Honorable Jay Dard-enne, in his official capacity of the Louisiana Secretary of State. The trial court maintained Ms. Juneau’s exception of per-emption due to the failure to sue the Secretary of State and dismissed the Plaintiffs’ claims with prejudice. The Plaintiffs then filed a motion for a suspensive appeal, which was granted. Subsequently, Ms. Juneau filed an answer to the Plaintiffs’ appeal seeking to modify the trial court’s judgment by having all costs taxed against the Plaintiffs.

*1289
STANDARD OF REVIEW

Peremption is a peremptory exception as outlined in La. C.C.P. art. 927. Peremption presents a legal question, which requires a de novo review. Williams v. Fahrenholtz, 08-0961, p. 3 (La.App. 4 Cir. 7/25/08), 990 So.2d 99, 101-02. Further, Louisiana’s election laws are construed in favor of candidacy. Id., 08-0961, p. 3, 990 So.2d at 102.

\,,OBJECTION TO CANDIDACY

The Plaintiffs concede that the Secretary of State was inadvertently omitted as a defendant but contend that the trial court erred in maintaining Ms. Juneau’s exception of peremption because law and/or justice mandates the amendment of the petition to add the Secretary of State as a mandatory defendant. The Plaintiffs’ assertion presents a res nova issue for this Court.

The Secretary of State as a Mandated Defendant

The Louisiana Election Code, contained in La. R.S. 18:1401, et seq., governs the Plaintiffs’ claims. “A qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote.” La. R.S. 18:1401(A). La. R.S. 18:1402(A) lists the proper parties as defendants and provides:
A. The following persons are the proper parties against whom actions objecting to candidacy shall be instituted:
(1) The person whose candidacy is objected to.
(2) The official, in his official capacity, before whom the person whose candidacy is objected to had qualified.
(Emphasis added). “The word ‘shall’ is mandatory.” La. R.S. 1:3.
The political office in the present matter is designated under the “state candidate” classification, which is defined as those who “are candidates for offices voted on throughout the state or throughout a congressional district, justice of the supreme court, judge of a court of appeal, and candidates for membership on a state board or commission.” La. R.S. 18:452(1). State candidates qualify “with the secretary of state or a person in his office designated to receive qualifying papers.” La. R.S. 18:462(A). Further, La. R.S. 18:1402(A)(2) mandates that the Secretary of State be included as a defendant in this action challenging Ms. Juneau’s candidacy for the office of Circuit Judge for the Louisiana Court of | ,|Appeal, Fourth Circuit, Third District, Division “A.”
This Court has recognized that the Secretary of State is a “statutorily mandated defendant.” Jenkins v. Williamson-Butler, 04-1726, p. 2 (La.App. 4 Cir. 10/8/04), 883 So.2d 537, 539 n. 2. Further, William Crawford, attorney for the Secretary of State, testified that the Secretary of State is “a necessary or a mandatory party.” In fact, Mr. Crawford stated that he was unaware of any cases involving objections to candidacy where the Secretary of State was not named as a defendant.
Given the statutory language and this Court’s jurisprudence, we hold that the Secretary of State was a statutorily mandated defendant absent from the Plaintiffs’ petition.

Peremption

“Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the per-emptive period.” La. C.C. art. 3458. “Statutes of peremption destroy the cause of action.” Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899, 901 (La.1900). “Peremption may not be renounced, interrupted, or suspended.” La. C.C. art. 3461.
*1290 The timeframe for qualifying concluded on July 9, 2010, at 5:00 p.m. Subsequently, anyone challenging the candidacy of a qualified candidate had to file suit no “later than 4:30 p.m. of the seventh day after the close of qualifications.” La. R.S. 18:1405(A). The calculation of the time delay includes Saturday and Sunday. La. R.S. 18:1413. Thus, the Plaintiffs’ petition was timely, as it was filed on July 16, 2010, at 11:00 a.m. However, any filings after 4:30 p.m. on July 16, 2010, are perempted.
|sThe Plaintiffs maintain that the trial court erred because it did not allow leave to amend the petition to add the Secretary of State. In support, the Plaintiffs recite La. R.S. 18:1406(B), which states:
The petition shall set forth in specific detail the facts upon which the objection or contest is based. If the action contests an election, the petition shall allege that except for substantial irregularities or error, fraud, or other unlawful activities in the conduct of the election, the petitioner would have qualified for a second party primary election or for a general election or would have been elected. The trial judge may allow the filing of amended pleadings for good cause shown and in the interest of justice.
The Plaintiffs claim that the last sentence affords them the opportunity to amend. However, Ms. Juneau asserts that the trial judge’s discretionary allowance of amendments may only be extended in election contests. Due to our jurisprudential analysis, we do find that the Plaintiffs’ argument regarding La. R.S. 18:1406(B) lacks merit.
Louisiana jurisprudence provides credence for the premise that a petition that has been perempted cannot be amended. The Louisiana Supreme Court, in Naghi v. Brener, 08-2527, p. 10 (La.6/26/09), 17 So.3d 919, 925, proclaimed that “there can be no escaping the fact that relation back interferes with the operation of the prescriptive or peremptive time period in that it avoids its operation.” The Court held:
[bjecause the cause of action no longer exists after the termination of the per-emptive period and any right to assert the claim is destroyed, there is nothing to which an amended or supplemental pleading filed after the peremptive period has expired can relate back.
Naghi, 08-2527, p. 11, 17 So.3d at 925-26. This Court similarly held in Broad-scape. com, Inc. v. Matthews, 07-0545, p. 9 (La.App. 4 Cir. 3/5/08), 980 So£d0 140,145, and concluded that parties’ “subsequent efforts to cure the defect in legal capacity” through an amended and supplemental petition filed after the peremptive period lapsed “did not relate back so as to suspend the running of the time delay.” Thus, any amendment permitted after 4:30 p.m. on July 16, 2010, would not relate back to the original petition.
The Plaintiffs aver that the Secretary of State received notice and a copy of the petition. However, notice does not equate with the Secretary of State being a mandatory defendant. Accordingly, we do not find that the Plaintiffs are entitled to amend the original petition.

COSTS

Ms. Juneau asserts that the trial court erred in failing to tax all costs against the Plaintiffs. We find no merit in this argument. “A trial court has great discretion in awarding costs (including expert witness fees) and can only be reversed on appeal upon a showing of an abuse of that discretion.” Watters v. Dep’t of Soc. Servs., 08-0977, p. 49 (La.App. 4 Cir. 6/17/09), 15 So.3d 1128,1162. We find no abuse of discretion in the trial court’s decision not to tax all costs against the Plaintiffs.

*1291
DECREE

For the above reasons, we find that the trial court did not err in maintaining Ms. Juneau’s exception of peremption and affirm. We also find that the trial court did not abuse its discretion in not taxing costs against the Plaintiffs.
AFFIRMED.

. The specific factual allegations regarding Ms. Juneau's domicile are not currently before this Court and will not be recounted.

. Following a recusal of the judges of the Thirty-Fourth Judicial District Court of Louisiana, the Louisiana Supreme Court assigned retired Judge Jerome Winsberg to hear the matter ad hoc.