NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-620

BENJAMIN T. MEYERS, ET AL.

VERSUS

LOUISIANA DEPARTMENT OF TRANSPORTATION &
DEVELOPMENT, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 131010
HONORABLE VINCENT JOSEPH BORNE, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

AFFIRMED.

**Jo Ann Nixon**
**129 W. Pershing Street**
**New Iberia, LA   70560**
**(337) 369-7437**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
       **Benjamin T. Meyers**
       **Doreathea M. Viltz**

**Lauren Camel Begneaud**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**100 E. Vermilion Street, #201**
**Lafayette, LA   70501**
**(337) 232-6581**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Louisiana Farm Bureau Insurance Company**

**Hoai T. Hoang**
**Special Assistants Attorney General**
**700 St. John Street, 5th Floor**
**Post Office Box 3527**
**Lafayette, LA   70502**
**(337) 232-9700**
**COUNSEL FOR OTHER DEFENDANT:**
       **Louisiana Department of Transportation & Development**

**PERRET, Judge.**

Plaintiffs-Appellants appeal the trial court's January 11, 2019 Judgment granting Defendant-Appellee's, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), Dilatory Exception of Lack of Procedural Capacity and Peremptory Exception of Prescription. The 2019 Judgment dismissed with prejudice all claims asserted against Farm Bureau. On appeal, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

Benjamin Meyers avers that on October 19, 2016, he was traveling in a 2005 Cadillac DeVille owned by Doreathea[1] Viltz[2] when he hit a "sink hole" with "boulders which protruded out of the hole" on Louisiana Highway 675. Meyers claims that this boulder hit the undercarriage of the car, which caused property damage and caused Mr. Meyers personal injuries. On October 19, 2017, Mr. Meyers filed suit against Louisiana Department of Transportation and Development ("DOTD"), Office of Risk Management, Farm Bureau Insurance Company, and "XYZ" to represent any other unknown or unidentified defendants. Mr. Meyers asserted that the DOTD failed to maintain the state highway and that Farm Bureau issued a policy of comprehensive insurance coverage for the vehicle. He asserted that all Defendants were liable for the damages he set forth, including pain and suffering, medical and pharmaceutical expenses, loss of use of the vehicle, cost of preservation of the vehicle pending repairs, and all other associated costs that will be demonstrated. In a separate paragraph, Mr. Meyers sought property damage to the vehicle.

---

[1] The record contains several spelling variations of Ms. Viltz's name. We use "Doreathea" as this is the spelling Ms. Viltz used when signing the amended petition.

[2] Ms. Viltz is Mr. Meyers' mother. This fact was not alleged in the original petition but was included on the In Forma Pauperis Affidavit filed with the Petition for Damages.

The DOTD and Office of Risk Management responded by filing a Declinatory Exception of Insufficiency of Service of Process and Dilatory Exception of Lack of Procedural Capacity on November 9, 2017. The exceptions alleged that the Office of Risk Management lacked the procedural capacity to be sued and that La.R.S. 13:5107 and La.R.S. 39:1538 require that the Secretary of the Department of the DOTD, the Office of Risk Management, and the Attorney General's Office be served, which had not occurred. Prior to a hearing on the above exceptions, the DOTD also filed a Peremptory Exception of No Right of Action alleging that Mr. Meyers has no right to assert damage claims for Ms. Viltz's vehicle.

Farm Bureau similarly responded, filing a Declinatory Exception Pleading Insufficiency of Citation and Service of Process and Peremptory Exception of No Cause and/or Right of Action. Farm Bureau alleged there was no company/corporation known as "Farm Bureau Insurance Company" as stated in the Petition for Damages and that service was attempted at an address other than the address for service listed with the Louisiana Commissioner of Insurance. Lastly, Farm Bureau argued that Mr. Meyers failed to state facts in his petition showing that he was the owner of the vehicle, the named insured under the policy, had a contractual relationship with Farm Bureau, or was a third party beneficiary to the policy. Thus, Mr. Meyers had no right of action to bring this suit and failed to assert a cause of action against Farm Bureau.

After the hearing on the above exceptions, the trial court signed a judgment on April 19, 2018, granting the DOTD's exception of insufficiency of service of process, exception of no right of action, and exception of lack of procedural capacity. The judgment dismissed the Office of Risk management with prejudice.

2

The judgment also granted Farm Bureau's exception of insufficiency of citation and service of process and exception of no cause and no right of action. Despite granting the exceptions, the trial court permitted Mr. Meyers to correct the citation/service of process and no right/cause of action deficiencies within sixty days of the judgment.

Accordingly, on June 15, 2018, Mr. Meyers filed Plaintiff's First Supplemental and Amended Petition for Damages. This pleading amended the first paragraph to read, "The petition of **BENJAMIN T. MEYERS** and **DOREATHER** [sic] **M. VILTZ**, persons of full age and both majority and domiciled in Iberia Parish, Louisiana." The amended petition deleted the Office of Risk Management as a defendant but failed to make an amendment to Farm Bureau. Additionally, the amended petition made changes to allege that Farm Bureau was liable to Ms. Viltz, specifically, under its policy of comprehensive insurance coverage for damages to the vehicle, and that both Defendants were liable to Ms. Viltz for the vehicle's property damage. Mr. Meyers maintained his claims that the DOTD was also liable to him, as well as Ms. Viltz for its failure to maintain a state highway and maintained the personal injury damages he suffered. The petition no longer asserted that Farm Bureau was liable for Mr. Meyers' personal injury damages. The amended petition is signed by both Mr. Meyers and Ms. Viltz.

The DOTD filed a motion to dismiss, citing again Mr. Meyers' failure to properly and timely serve the DOTD and failure to assert a right of action against it for Ms. Viltz's claims. Similarly, Farm Bureau also filed a motion to dismiss for Mr. Meyers' failure to correct the prior deficiencies in his Petition for Damages

3

within sixty days.[3]

Additionally, Farm Bureau filed a Dilatory Exception of Lack of Procedural Capacity and Peremptory Exception of Prescription asserting Mr. Meyers "lacks procedural capacity to add Doreathea M. Viltz as a plaintiff" and that any claims of Ms. Viltz have prescribed. Farm Bureau notes that no relationship was alleged between Mr. Meyers and Ms. Viltz, other than her ownership of the vehicle that he was operating on the date of the incident. Furthermore, Farm Bureau argued that as a competent major, Ms. Viltz must bring her own suit, and Mr. Meyers cannot simply add Ms. Viltz as a plaintiff via an amending petition. Farm Bureau suggested that to assert her claims, Ms. Viltz must either file a separate suit or intervene in Mr. Meyers' suit, which she can no longer do because her claims are prescribed.

Once the DOTD was served with the supplemental and amended petition, it filed a motion to strike the pleading as untimely due to Mr. Meyers' failure to serve the DOTD within the sixty-day extension set by the April 19, 2018 Judgment.

Appellant did not submit any opposition to the motions. Both motions to dismiss, Farm Bureau's exceptions of procedural capacity and prescription, and DOTD's motion to strike were heard on December 17, 2018. In a judgment signed January 11, 2019, the motions to dismiss were denied and the DOTD's motion to strike was passed at the request of counsel. However, Farm Bureau's exceptions of lack of procedural capacity and prescription were granted, and all claims asserted against Farm Bureau were dismissed with prejudice.

_____

[3] It was determined at trial that Mr. Meyers' First Supplemental and Amended Petition for Damages was filed within sixty days of the judgment, but service on Defendants had not been procured within that time or prior to their filing of these exceptions.

4

It is from this judgment that Appellants appeal in the current docket, number 20-620, and assert one assignment of error: the trial court erred in granting Farm Bureau's exception of prescription.

**DISCUSSION:**

Appellants only assign the exception of prescription as an assignment of error and do not raise the trial court's grant of Farm Bureau's procedural capacity exception. Regardless, even assuming Ms. Viltz was properly added as an additional plaintiff, her claims must not be prescribed. As discussed below, we find the trial court was correct in its determination that Ms. Viltz's claims prescribed.

"A peremptory exception generally raises a purely legal question. Nonetheless, evidence may be introduced in the trial court to support or controvert a peremptory exception of prescription." *Wells Fargo Fin. La., Inc. v. Galloway*, 17-413, p. 7 (La.App. 4 Cir. 11/15/17), 231 So.3d 793, 799-800 (citation omitted). The manifest error standard of review applies when evidence was introduced to the trial court. *Arton v. Tedesco*, 14-1281 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043. When no evidence was adduced, the appellate court must simply "determine whether the trial court's decision was legally correct." *Id*. at 1128. The burden of proving an exception of prescription lies with the pleading party unless prescription is evident on the face of the pleadings, then it shifts to the non-pleading party to prove otherwise. *Id*.

Farm Bureau did not attach any exhibits to their exception, and Appellants did not file an opposition. Based on the transcript, the trial court only considered the pleadings in the record in its determination of prescription, and no evidence was introduced at the hearing. Thus, we will consider whether the trial court's

grant of prescription was legally correct. Additionally, the incident occurred on October 19, 2016, and Ms. Viltz did not assert any claims against Farm Bureau until the June 15, 2018 amended petition. Therefore, Ms. Viltz's claims are prescribed on the face of the pleadings, and she bears the burden of proving otherwise.

On appeal, Appellants assert that prescription was improperly granted because Ms. Viltz was a necessary party to the lawsuit. Appellants argue that without the joinder of Ms. Viltz, the adjudication of the matter would impair her interest as the owner of the vehicle that sustained property damage. Thus, Appellants argue that Ms. Viltz's claims are not prescribed because the original petition was timely filed.

The Louisiana Code of Civil Procedure distinguishes between the necessary joinder of parties and the permissive joinder of parties. Despite Appellants' attempt to classify Ms. Viltz as a necessary party plaintiff, we disagree. Joinder of a party is necessary when:

> (1)    In his absence complete relief cannot be accorded among those already parties.

> (2)    He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

> (a)    As a practical matter, impair of impede his ability to protect that interest.

> (b)    Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

La.Code Civ.P. art. 641. The resolution of Mr. Meyers' personal injury claims will not impact the resolution of Ms. Viltz's property damage claims. In the amended petition, Mr. Meyers does not assert that Farm Bureau is liable to him in any way.

Thus, whether Mr. Meyers is successful in asserting personal injury claims against DOTD has no bearing on Ms. Viltz's property damage claims under her contract of insurance with Farm Bureau. While there is a common defendant and factual overlap to both claims, these are separate actions.

Nevertheless, we do recognize that amended petitions are permitted to relate back to the filing date of the original petition under Louisiana Code of Civil Procedure Article 1153 to avoid dismissal by prescription. *Ahmed v. Downman Dev., L.L.C.*, 17-114 (La.App. 4 Cir. 12/28/17), 234 So.3d 1111. As to the addition of plaintiffs in this context, the supreme court in *Giror v. Southern Louisiana Medical Center*, 475 So.2d 1040, 1044 (La.1985), established the necessary criteria to allow the addition of plaintiffs to relate back to a timely filed original petition:

> (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.

However, before determining whether this case meets the above criteria to permit relation back, we must first consider that our court has held that "an original petition filed by a party without a right of action to file it" cannot "support the relation-back of a new cause of action[.]" *Boone v. Conoco Phillips Co.*, 13-1196, pp. 22-23 (La.App. 3 Cir. 5/7/14), 139 So.3d 1047, 1061 (citing *Naghi v. Brener,* 08–2527 (La. 6/26/09), 17 So.3d 919). This court continued:

> [O]ur law, as interpreted in the jurisprudence, holds that in order for the doctrine of relation back to apply and to circumvent the effect of prescription, a new cause of action asserted in an amended petition (1) must have been in existence at the time the original petition was

filed; (2) must have been vested in the plaintiffs at that time; and (3) must arise out of "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* La. C.C.P. art. 1153.

. . . .

Because a civil action by definition can be brought only by a person having a right of action, **it stands to reason that an action instituted by a person determined to have no right of action cannot serve as an "action" sufficient to interrupt prescription.** See La. C.C.P. art. 681 and La. C.C. art. 3462.... **The relation back theory embodied in La. C.C.P. art. 1153 assumes that there is a legally viable claim to which the pleading can relate back.** *Naghi v. Brener,* 08–2527, p. 10 (La.6/26/09), 17 So.3d 919, 925.

*Id.* at 1061–62 (emphasis added) (quoting *TCC Contractors, Inc. v. Hosp. Serv. Dist. No. 3 of Par. of Lafourche,* 10–685, pp. 22–23 (La.App. 1 Cir. 12/8/10), 52 So.3d 1103, 1116–17).

"Generally, an action can be brought only by a person having a real and actual interest which he asserts." "When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief is not the person in whose favor the law extends the remedy, the proper objection is no right of action[.]" . . . In examining an exception of no right of action, the court assumes that the petition states a valid cause of action for some person but questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation."

*Ahmed*, 234 So.3d at 1115-16 (citations omitted). In *Ahmed*, the court considered whether an amending petition adding a corporate plaintiff, filed three years after the original petition and after prescription had run on the underlying property damage claim, could relate back to the original petition filed by a shareholder for the same property damage. The court concluded that the shareholder did not possess the right to assert the property damage claim in the original petition, thus,

the original petition could not support the relation back of the amending petition adding the proper plaintiff.

A review of the original petition shows that Mr. Meyers never had a right of action against Farm Bureau for property damages as Mr. Meyers did not own the vehicle insured by Farm Bureau. Furthermore, Mr. Meyers never asserted any facts to indicate he had a relationship with Farm Bureau that would give him a right of action to make a claim for personal injury damages against Farm Bureau. For instance, Mr. Meyers never asserts that he is covered by the Farm Bureau contract as a named insured. Thus, there was never a legally viable claim against Farm Bureau to which the amended petition adding Ms. Viltz and her claims against Farm Bureau can relate back. Therefore, according to *Boone* and *Ahmed*, the addition of Ms. Viltz and her claim against Farm Bureau after prescription on the property damage claim had run cannot relate back to the original petition for purposes of avoiding prescription.

Appellants failed to carry their burden in proving Ms. Viltz's claims were not prescribed on their face. Accordingly, we find no legal error in the trial court's grant of Appellant's exception of prescription.

**DECREE:**

For the reasons set forth above, we affirm the grant of Appellee's exception of prescription and the dismissal of Appellants' claims against Farm Bureau. Costs of this appeal are assessed to Appellants, Benjamin Meyers and Doreathea Viltz.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.