PER CURIAM.
This is an election contest in which plaintiff-appellant, Fannie E. Burch, appeals the judgment of the lower court rejecting her suit contesting the outcome of the Democratic Primary Election held in the Twenty-first Judicial District of Louisiana, comprising the parishes of Livingston, St. Helena and Tangipahoa, in which defendant, Warren Cornish, was declared the Democratic nominee for the office of Judge, Division A of said judicial district.
By original and supplemental and amended petition, (the latter being filed on the day of trial of exceptions of no right and no cause of action filed by defendants) plaintiff alleges the promulgated results of said Democratic Primary Election showed that defendant herein received 11,251 votes to 10,959 votes for the appellant, as a consequence of which defendant was certified as the Democratic nominee for the aforesaid office.
The petitions allege plaintiff received a majority of the legal votes cast in said election, more particularly that she received 10,117 legal votes to 9,944 legal votes for defendant, and consequently she should be declared the Democratic nominee for the office mentioned.
Plaintiff further alleges that numerous irregularities and frauds were perpetrated during the conduct of said election but for the occurrence of which she would have *638 received the legitimate majority which she claims. The alleged irregularities relied upon by plaintiff are as follows:
(1) That in Ward 2, St. Helena Parish, and in Ward 9, Precinct 1, Livingston Parish, the secrecy of the ballots cast at said voting places were deliberately destroyed by so placing and locating the machines that the casting of ballots by the voters could be and was observed by other persons, including particularly representatives of defendant Cornish, with the accomplished intention of intimidating the voters.
(2) That in Ward 7, Precinct 11, Tang-ipahoa Parish, thirteen absentee ballots were properly cast by electors and improperly eliminated by the commissioners, of which number plaintiff would have received eleven votes and defendant two votes.
(3) That in St. Helena Parish all of the absentee ballots were improperly handled by the commissioners so that the ballots could be identified and the secrecy thereof destroyed.
(4) That in Livingston Parish all absentee ballots cast in said election were void because of numerous unspecified irregularities.
(5) That in Tangipahoa Parish two absentee ballots were not comited without any reason therefor having been assigned by the commissioners.
(6) That in Ward 1, Precinct 1, Livingston Parish, nine persons were permitted to vote although their names did not appear on the list of registered voters furnished the commissioners for the holding of said election.
(7) That in various wards and precincts of Tangipahoa Parish eighteen electors were required to sign the precinct register without the commissioners indicating thereon the date of the signing as required by law, thereby leaving the door open to the casting of unlimited fraudulent votes in the election in question as well as future elections.
(8) That in Ward 1, Precinct 5 of Tang-ipahoa Parish one Glenn Reid voted absentee both for himself and for one William H. Addison; James Mill signed the registry page beside the name of Lohnie Miller; the name of Richard Watson was printed rather than signed in the space opposite the name in the registry page.
(9) That in Ward 5, St. Helena Parish voters were brought into the precinct in such manner as to intimidate them and prevent the free exercise of their franchise.
(10) That the promulgation of the results of said election was illegal because subsequent to the election plaintiff was deprived of the opportunity to examine the poll list and the absentee ballots when the machines were opened; and
(11) Plaintiff alleges generally a pattern of fraud indulged in by the commissioners and representatives of defendant Cornish consisting of the above enumerated alleged irregularities in addition to others which plaintiff does not specify with particularity.
In the prayer of her petition as supplemented and amended plaintiff prays:
(1) That all of the votes cast in Ward 9, Precinct 1, Livingston Parish, wherein plaintiff received 210 votes to 341 votes for defendant Cornish and all of the votes in Ward 2, St. Helena Parish, wherein plaintiff polled 91 votes to 253 votes for defendant be eliminated, resulting in a total of 10,658 legal votes for plaintiff to 10,657 legal votes for defendant Cornish, thus giving petitioner a majority of one vote.
(2) That all of the ballots cast in the precinct of Ward 5, St. Helena Parish, be likewise eliminated and disregarded in determining the results of this election, also resulting in a majority for plaintiff.
(3) That the absentee ballots cast in Ward 7, Precinct 11, Tangipahoa Parish, *639 be counted, also resulting in a majority in favor of petitioner.
(4) And that all of the remaining allegedly illegally cast ballots be deducted from the total of petitioner’s opponent, likewise resulting in a majority in favor of petitioner.
The prayer also requests that plaintiff be declared the Democratic nominee for the office in question and in the alternative that the election be declared a nullity in its entirety and a new election ordered by the Court.
Exceptions of no right and no cause of action were filed on behalf of defendant who also answered. Eollowing the filing of defendants’ answer, plaintiff filed a supplemental and amended petition which was permitted to be introduced by the lower Court, although the record shows the trial judge specifically stated he would not consider the supplemental and amended petition in passing upon defendants’ exception of no cause of action. The District Court then referred defendants’ exceptions of no right and no cause of action to the merits and permitted the trial to proceed. During the course of the trial the District Judge concluded that granting plaintiff all the relief requested, except eliminating the entire vote of Ward 9, Precinct 1, Livingston Parish, and Ward 2, St. Helena Parish, would not change the outcome of the election, and therefore restricted plaintiff to proof regarding the alleged violation of the secrecy of the ballot in the two precincts mentioned.
Plaintiff produced numerous witnesses in order to prove the avowed violation of secrecy and upon closing her evidence on said issue the trial judge in written reasons assigned sustained defendants’ exception of no cause of action and dismissed plaintiff’s suit.
Our first consideration will be defendants’ contention that the supplemental and amended petition was improperly permitted by the District Court to be filed in this case. It is settled law in this State that after answer is filed the permitting of an amendment to an initial petition lies within the sound discretion of the trial judge. It is common knowledge that the time schedule obtaining in election contest cases is such that a rule of liberality with regard to amendments has been adopted and is usually observed. For these reasons we find no abuse of discretion on the part of the learned trial judge in permitting the filing of the supplemental and amended petition herein. It follows therefore that our brother below erred in refusing to consider the supplemental and amending petition in disposing of defendants’ exceptions of no cause of action and that this Court in deciding said exception must consider the allegations in both said original and supplemental and amended petitions as true. The plaintiff’s supplemental and amended petition does not constitute an entirely new ground of contest but is merely an enlargement or amplification of her original petition. Dowling v. Orleans Parish Democratic Committee, 235 La. 62, 102 So.2d 755.
A careful reading of both petitions convinces us that a cause of action is stated, from which it follows that the action of the lower court in sustaining defendants’ exception of no cause of action and dismissing plaintiff’s suit was erroneous and must be reversed and this case remanded to the District Court for trial according to law.
Reversed and remanded.
ELLIS, J., recused.
HERGET, J., absent.