# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 08-923


JAMES ROY CHRISHON

VERSUS

LOUIS J. MARSHALL, JR.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 232,153
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

Philip G. Hunter
Hunter & Morton
Post Office Box 1270
Alexandria, LA   71315-1270
(318) 487-1997
COUNSEL FOR DEFENDANT/APPELLEE:
    Louis J. Marshall, Jr.

Darrell K. Hickman
1758 Elliott Street
Alexandria, LA   71309
(318) 448-6353
COUNSEL FOR PLAINTIFF/APPELLANT:
    James Roy Chrishon

Amy, Judge.

Pursuant to La.R.S. 18:1409, this is an expedited appeal of a trial court judgment, dismissing a petition to challenge Louis J. Marshall, Jr.'s (Marshall) candidacy to run for election to the Alexandria City Council, District 1. The plaintiff-appellant, James Roy Chrishon (Chrishon), asserted that La.Const. art. 1, § 10, prevented Marshall from qualifying as a candidate for the office because Marshall had been convicted by a federal district court in 1993 for illegally transporting firearms in interstate commerce in violation of 18 U.S.C. § 922(a)(2). The trial court ruled that La.Const. art. 1, § 10 would only bar Marshall from qualifying as a candidate if he could also have been charged under Louisiana law for a felony for the acts committed. Finding no such corresponding felony offense under Louisiana law, the trial court denied the petition. For the following reasons, the judgment of the trial court is affirmed.

**Factual and Procedural Background**

Marshall obtained a federal dealer's license to sell firearms in 1988. He was prosecuted in federal district court in 1993 for violating 18 U.S.C. § 922(a)(2)[1], which prohibits licensed dealers from shipping or selling firearms in interstate commerce to anyone other than other licensed dealers. On December 3, 1993, Marshall pled guilty to violating one count of the statute, as a consequence of sending a pistol(s) to

---

[1]18 U.S.C. § 922(a)(2) provides, in relevant part:

**§ 922. Unlawful acts**

(a) It shall be unlawful--

. . . .

(2) for any importer, manufacturer, dealer, or collector licensed under the provisions of this chapter to ship or transport in interstate or foreign commerce any firearm to any person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, . . . .

an individual in New York state who was not a licensed dealer. He completed all terms of his sentence.

Marshall has since been elected to two terms on the Alexandria City Council, representing District 1. This appeal arises out of a suit challenging his attempt to qualify as a candidate for the seat again. The challenger to his candidacy, the plaintiff-appellant, Chrishon, alleged that Marshall's conviction prohibits him from qualifying as a candidate for elective office in Louisiana, according to La.Const. art. 1, § 10. He further alleged that the actions that served as the basis of Marshall's federal conviction also constituted a violation of La.R.S. 40:1784, which makes it a felony to transfer certain firearms without approval of the Louisiana Department of Public Safety.

The parties stipulated at trial to the following:

1.  Chrishon has standing to file the petition;

2.  Marshall was convicted of a federal felony for the transfer of a pistol with a valid serial number across state lines;

3.  Fewer than fifteen years have elapsed since the completion of Marshall's sentence; and

4.  Marshall is not currently under an order of imprisonment.

The trial court also received as evidence the federal bill of information and related documents concerning Marshall's prosecution, plea, and sentence.

The trial court found that La.Const. art. 1, § 10 provides that a person convicted of a federal felony cannot qualify for office if that crime, had it been committed in Louisiana, would be a Louisiana felony. The court stated that Marshall's actions did not meet the legal definition of a felony under La.R.S. 40:1784, since Marshall was convicted of transporting a pistol(s) with a valid serial

2

number(s) across state lines to a person who was not licensed to receive such weapons.

Chrishon contends on appeal that the trial court misinterpreted La.Const. art. 1, § 10 as requiring a corresponding or "matching" Louisiana felony offense in order to disqualify a federally convicted individual from seeking elective office in the state. Chrishon has also presented to this court an issue for appellate review that was not argued before the trial court. He alternatively argues that Marshall could have been charged in Louisiana for the felony offense of criminal conspiracy, La.R.S. 14:26, for the actions that served as the basis of his federal conviction. Crishon argues that Marshall should be disqualified as a candidate for the City Council election on this basis as well.

**Discussion**

*Effect of Federal Felony Conviction*

The facts of this case are not in dispute. The issue of whether the trial court correctly found that La.Const. art. 1, § 10 prohibits an individual from qualifying to seek elective office in Louisiana due a felony conviction, only if the crime would be a felony under Louisiana law as well, presents a purely legal question. Because there are no contested issues of fact, and the only issue is the application of the law to the undisputed facts, this court's review will consist of determining whether the trial court's decision is legally correct or incorrect. *Leger v. Sonnier Exterminating Co.*, 05-1291 (La.App. 3 Cir. 4/5/06), 926 So.2d 158, *writ denied*, 06-1033 (La. 6/23/06), 930 So.2d 982. This requires a review of the constitutional provision at issue.

The fundamental principles of constitutional construction have been stated as follows:

3

The starting point in the interpretation of constitutional provisions is the language of the constitution itself. *Louisiana Mun. Ass'n v. State*, 00-0374, p. 5 (La.10/6/00), 773 So.2d 663, 667. When a constitutional provision is plain and unambiguous, and its application does not lead to absurd consequences, its language must be given effect. *Id*. at pp. 5-6, 773 So.2d at 667; *State ex rel. Guste v. Board of Com'rs of Orleans Levee Dist.*, 456 So.2d 605, 609 (La.1984); *Bank of New Orleans & Trust Co. v. Seavey*, 383 So.2d 354, 356 (La.1980).

*East Baton Rouge Parish School Bd. v. Foster*, 02-2799, p. 16 (La. 6/6/03), 851 So.2d 985, 996. "Unequivocal constitutional provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning." *Ocean Energy v. Plaquemines Parish Gov't*, 04-0066, p. 7 (La. 7/6/04), 880 So.2d 1, 7. Moreover, the supreme court has stated:

> [W]here the language of a constitutional prohibition makes its aim evident and unequivocal, courts need not consider the historical basis for the prohibition and may not, by separately considering related constitutional provisions, arrive at a construction that detracts from the effectiveness or manifest meaning and purpose of the related provisions.

*Ocean Energy*, 880 So.2d at 7 (citing *Perschall v. State*, 96-0322 (La. 7/1/97), 697 So.2d 240). "Accordingly, effect should be given to the purpose indicated by a fair interpretation of the language used, and that construction which effectuates, rather than that which destroys a plain intent or purpose of a constitutional provision, is not only favored but will be adopted." *Succession of Lauga*, 624 So.2d 1156, 1166 (La.1993) (citations omitted).

The pertinent part of the constitutional provision asserted by Marshall as a barrier to Chrishon's qualifying as a candidate is as follows:

> **§ 10. Right to Vote; Disqualification From Seeking or Holding an Elective Office**
>
> . . . .
>
> **(B). Disqualification.** The following persons shall not be permitted to qualify as a candidate for elective public office or take

public elective office or appointment of honor, trust, or profit in this state:

(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, *or who has been convicted under the laws of any other state or the United States* or of any foreign government or country of a crime *which, if committed in this state, would be a felony* and who has exhausted all legal remedies and has not afterwards been pardoned either by the governor of this state or by the office of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced.

(Emphasis added.)

Applying the principles of constitutional construction, we conclude that Article 1, Section 10(B) unambiguously requires that as a prerequisite to disqualification, the individual's actions must be those which would also constitute a felony offense under Louisiana law. *See Cook v. Skipper*, 99-1448 (La.App. 3 Cir. 9/27/99), 749 So.2d 6, *writ denied*, 99-2827 (La. 9/30/99), 745 So.2d 601; *Tucker v. Huval*, 374 So.2d 745 (La.App. 3 Cir. 1979).[2]

At the trial of this matter, it was stipulated that Marshall had been convicted of the felony of the unlawful shipping and transporting of firearms by a licensed dealer in violation of 18 U.S.C. § 922 (a)(2). Louisiana Code of Criminal Procedure Article 933 defines "felony" as "an offense that may be punished by death or by imprisonment at hard labor." At trial, Chrishon argued that Marshall's actions that resulted in the federal conviction, also violated La.R.S. 40:1784[3], which is a felony

---

[2]     The Louisiana Supreme Court has observed that similar language, which appears in La.R.S. 15:529.1, requires that a federal conviction can be used to support multiple offender adjudications, that statute's focus, only if the crime upon which it is based is a felony under an analogous Louisiana statute. *See State ex rel. Wilson v. Maggio*, 422 So.2d 1121 (La.1982). *See also State v. Wills*, 545 So.2d 1038 (La.1989); *State v. Singleton*, 352 So.2d 191 (La.1977).

[3]     **§ 1784. Application to possess or transfer;  use of information or evidence**

No person shall continue to possess or shall transfer any firearm without the prior approval of the department.  Interested persons shall file written applications in duplicate on application forms issued in blank for those purposes by the

under Louisiana law, punishable by a fine and imprisonment with or without hard labor for a first offense and by a larger fine and imprisonment at hard labor for subsequent offenses. La.R.S. 40:1791[4]. Although the trial court correctly found La.R.S. 40:1784 constitutes a felony offense in Louisiana, the court also found that the term "firearm," as referenced in La.R.S. 40:1784, does not include the type of gun(s) involved in Marshall's case and, therefore, does not constitute a felony offense for which he could have been charged in this state.

We find no error in the trial court's conclusion that the type of gun(s) transferred by Marshall was expressly exempted from the definition of "firearm" as

_____

department. In the case of transfers of any firearm, applications shall be filed by both the proposed vendor and the proposed vendee.

The applications shall set forth, in the original and duplicate, the manufacturer's number or other mark identifying the firearm. Both the original and duplicate shall be forwarded to the department. If approved, the original shall be returned to the applicant.

No information or evidence obtained from an application, registration or records required to be submitted or retained by a natural person in order to comply with any provision of this Part or regulations issued thereunder shall, except as provided by the laws on perjury or false swearing, be used, directly or indirectly, as evidence against that person in a criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence.

[4]     **§ 1791. Penalty**

Upon the first violation of any provision of this Part the penalty shall be a fine of not less than five hundred dollars nor more than two thousand dollars and imprisonment with or without hard labor for not less than one nor more than five years. For any subsequent violation of this Part the penalty shall be a fine of not less than two thousand dollars nor more than five thousand dollars and imprisonment at hard labor for not less than five years nor more than ten years.

6

set forth in La.R.S. 40:1781(3)[5], as it was stipulated to at trial that the object at issue was a pistol with a valid serial number.

We note that in an election contest, the person objecting to another's qualifications as a candidate bears the burden of proof. *See* La.R.S. 18:492. No other evidence was presented at trial by Chrishon of a Louisiana felony offense for which Marshall could have been charged under the circumstances. Accordingly, we find no error in the trial court's dismissal of Chrishon's petition.

*The Claim of Felony Conspiracy Under La.R.S. 14:26*

The appellant, Chrishon, asserts on appeal for the first time, that La.R.S. 14:26, the Louisiana felony offense of criminal conspiracy, is a crime that Marshall could have been charged with in Louisiana for the acts that resulted in his federal conviction. He asserts that Marshall must be disqualified from qualifying to seek election to the city council on this basis.

The Uniform Rules—Courts of Appeal, Rule 1–3, states that issues not submitted to, and decided by, the trial court are not generally reviewable on appeal.

---

[5]     **§ 1781. Definitions**

For the purpose of this Part, the following terms have the meanings ascribed to them in this Section:

. . . .

(3) "Firearm" means a shotgun having a barrel of less than eighteen inches in length; a rifle having a barrel of less than sixteen inches in length; any weapon made from either a rifle or a shotgun if said weapon has been modified to have an overall length of less than twenty-six inches; any other firearm, pistol, revolver, or shotgun from which the serial number or mark of identification has been obliterated, from which a shot is discharged by an explosive, if that weapon is capable of being concealed on the person; or a machine gun, grenade launcher, flame thrower, bazooka, rocket launcher, excluding black powder weapons, or gas grenade; and includes a muffler or silencer for any firearm, whether or not the firearm is included within this definition. *Pistols and revolvers and those rifles and shotguns which have not previously been defined in this Paragraph as firearms from which serial numbers or marks of identification have not been obliterated are specifically exempt from this definition.*

(Emphasis added).

7

This issue was not presented to the trial court and is not properly before this court for review.

## DECREE

The trial court did not legally err in determining that La.Const. art. 1, § 10 does not prevent the defendant-appellee, Louis J. Marshall, Jr., from qualifying as a candidate for City Council, District 1, in Alexandria, Louisiana. Accordingly, the judgment of the trial court is affirmed, and costs of this appeal are assessed to the plaintiff-appellant, James Roy Chrishon.

**AFFIRMED.**