STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-188


FRANCIS TOUCHET, JR.

VERSUS

ERNAL J. BROUSSARD


************


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 91665-L
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE


************


JOHN D. SAUNDERS
JUDGE


************


Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.


**REVERSED AND RENDERED.**

Anthony Jerome Fontana, Jr.
210 N. Washington Street
Abbeville, LA 70510
337-898-8332
COUNSEL FOR APPELLEE:
    Francis Touchet, Jr.

Bradford Hyde Felder
Huval, Veazey, Felder, etc.
Post Office Box 80948
Lafayette, LA 70508-0948
337-234-5350
COUNSEL FOR DEFENDANT/APPELLANT:
    Ernal J. Broussard

Saunders, J.

Ernal Broussard qualified to run for city councilman for District B in the City of Abbeville. Shortly after Mr. Broussard qualified, his opponent, incumbent Francis Touchet, filed a petition objecting to Mr. Broussard's candidacy. Specifically, Mr. Touchet alleged that Mr. Broussard's prior guilty plea to a federal offense precluded Mr. Broussard from holding public office. The trial court agreed and granted Mr. Touchet's petition. Mr. Broussard appeals the trial court's judgment and asserts the additional issue of insufficiency of service of process. For the following reasons, we reverse in favor of Mr. Broussard. Mr. Touchet failed to meet his burden of proof that Mr. Broussard's guilty plea amounted to a felony under Louisiana law.

## I. **ISSUES**

We must decide whether:

(1) The trial court erred by allowing the deputy clerk of court to appear in court to waive service of process under oath and whether Mr. Broussard waived his objection by his failure to object at trial;

(2) The trial court erred in finding that the factual basis for the plea agreement in the federal conviction was sufficient to establish that the actions of Mr. Broussard amounted to a felony under Louisiana law; and

(3) The trial court erred in holding that the automatic pardon provided by La.Const. art 4, § 5(E) did not restore Mr. Broussard's right to hold public office upon the completion of his sentence.

## II. **FACTS AND PROCEDURAL HISTORY**

In 2005, Mr. Broussard pled guilty to aiding and abetting an illegal gambling operation and was sentenced to two years probation, six months home

confinement, and a $5,000 fine. Mr. Broussard completed his sentence, and his federal supervision terminated on December 14, 2007. Pursuant to La.Const. art. 4, § 5(E), Mr. Broussard received an automatic first offender pardon.[1]

On February 3, 2010, Mr. Broussard qualified to run for city councilman for District B in the City of Abbeville. On February 8, 2010, Francis Touchet filed a Petition Objecting to the Candidacy of Ernal J. Broussard for the position of Abbeville city councilman for District B. Mr. Touchet alleged that a prior criminal conviction in federal court disqualifies Mr. Broussard from holding public office pursuant to the provisions of La.Const. art I § 10.

At the trial on the matter, Mr. Broussard filed an exception into the record citing Mr. Touchet's failure to name an indispensable party– the official before whom Mr. Broussard qualified.[2] The trial court allowed Mr. Touchet's counsel to amend the petition by filing a handwritten amended pleading in court. Mr. Touchet's counsel did so and added the clerk of court of Vermilion Parish as a party defendant. The trial court then allowed testimony from Clayton Campbell, deputy clerk of court, whereby Mr. Campbell, under oath, consented to the waiver of service of process.[3]

Following testimony on the merits, the trial court rendered judgment in favor of Mr. Touchet, holding that Mr. Broussard's prior plea disqualified him from holding public office until fifteen years following the completion of his sentence. Mr. Broussard appeals that ruling.

---

[1] Louisiana Constitution Article 4, § 5(E) states in pertinent part: "A first offender convicted of a nonviolent crime ... never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor."

[2] Mr. Broussard also filed an exception for failure to follow procedures – namely, failing to post Mr. Touchet's petition at the courthouse. The trial court's ruling on that issue is not challenged; so, we will not address it here.

[3] The clerk of court for Vermilion Parish, Diane Meaux Broussard, was unavailable due to a medical emergency, to personally appear in court. Thus, due to Ms. Meaux Broussard's unavailability, Mr. Campbell represented her and served as acting clerk of court.

### III. LAW AND DISCUSSION

**Standard of Review**

This case poses questions of law as it involves the interpretation of codal articles. Thus, the appropriate standard of review is de novo.

> An appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation or application of the law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court.

*Domingue v. Bodin*, 2008-62, p.2 (La.App. 3 Cir. 11/5/08), 996 So.2d 654, 657 (citations omitted).

Moreover, under the de novo standard of review, the appellate court gives no additional weight to the trial court but, instead, conducts a de novo review and renders judgment on the record. *Id.* Accordingly, we will review the record in its entirety to determine whether the trial court's decision was legally correct.

**Mr. Broussard's Procedural Challenge to Waiver of Service**

Louisiana Code of Civil Procedure Article 1312 provides that "every pleading subsequent to the original petition shall be served on the adverse party...." Mr. Broussard asserts that the testimony from Mr. Campbell was insufficient to establish waiver of service, and thus, the entire proceeding was absolutely null.

Generally, the defendant may expressly waive citation and service thereof by any written waiver made part of the record. The requirement of a written waiver of service is not absolute, however. When a defendant makes a general appearance in court, written waiver is not necessary. *Dupont v. Poole*, 335 So.2d 764 (La.App. 3 Cir. 1976). Here, Mr. Campbell, as acting clerk of court due to Ms. Meaux Broussard's absence, appeared in court and testified under oath. The appearance of Mr. Campbell effectively waived service of process. Moreover, Mr.

3

Broussard failed to object to the lack of service at the time of trial, thereby waiving his right to object. The underlying proceeding, therefore, was valid.

## Mr. Broussard's Qualification as a Candidate

## A. Burden of Proof

In an action to disqualify a candidate, the burden is upon the person seeking to disqualify the candidate to establish all that is necessary to disqualify the candidate. *Chrishon v. Marshall*, 08-933 (La.App. 3 Cir. 7/28/08), 994 So.2d 585, 590. Additionally, as stated by the Louisiana First Circuit Court of Appeal:

> Generally, the laws governing the conduct of elections should be liberally construed so as to promote rather than to defeat a candidacy. Any doubt as to the qualificaitons of a candidate should be resolved in favor of permitting the candidate to run for public office.

*Patton v. Fields,* 95-1936 (La.App. 1 Cir. 9/26/95), 669 So.2d 1233, 1237 (citations omitted). Moreover, as the Louisiana Supreme Court stated in *Malone v. Shyne*, 06-2190 (La. 9/13/06), 937 So.2d 343, 356 (citations omitted):

> Further, the well-established principle that "rules in derogation of a common right should be strictly interpreted," supports our decision herein. The right to seek and hold a municipal or state office is a common right, so that any restriction on that right must be strictly construed.

Here, resolving doubts in favor of Mr. Broussard and strictly construing the relevant provisions of Louisiana law in favor of Mr. Broussard's basic rights of citizenship, lead to the conclusion that he is a qualified candidate for public office.

## B. The Federal Conviction

To succeed on his petition, Mr. Touchet must prove that the federal crime contained in the plea agreement would classify as a felony under Louisiana law. Specifically, Mr. Touchet alleges that the crime associated with Mr. Broussard's plea amounts to Gambling under La.R.S. 14:90, which states in pertinent part:

4

A.   (1)(a) Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit.

(b) Whoever commits the crime of gambling shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.

(2) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than twenty thousand dollars, or imprisoned with or without hard labor, for not more than five years, or both when:

(a) R.S. 14:90 is violated.

(b) Five or more persons are involved who conduct, finance, manage supervise, direct, or own all or part of an illegal gambling business.

(c)  Such business has been in or remains in substantially continuous operation for a period of thirty days or more or, if the continuous operation is for less than thirty days, has a gross revenue of two thousand dollars in any single day.

Here, factual issues distinguish the federal charge against Mr. Broussard from the Louisiana statute.  These factual distinctions prevent Mr. Touchet from establishing that the federal crime would be classified as a felony under Louisiana law, and, consequently, prevent Mr. Touchet from prevailing on his petition.

Upon pleading guilty to Aiding and Abetting an Illegal Gambling Business in violation of 18 U.S.C. Section 1955(a), Mr. Broussard signed a document entitled "Stipulated Factual Basis for Guilty Plea."  The pertinent facts established in the document are as follows:

(1) Mr. Broussard "cashed checks for Phillip Mazella."

(2) "Mr. Mazella operated an illegal gambling business, and the checks processed by Mr. Broussard were the result of the illegal bookmaking operation."

5

(3) "Mr. Broussard was one of the primary check cashing businesses used by Mr. Mazella, and millions of dollars flowed through his business."

(4) "Mr. Broussard was paid a fee for his services."

(5) "The illegal gambling business employed and was conducted by four or more other persons."

(6) "The defendant ... was not licensed by the State of Louisiana as a money transmitting or check cashing business."

(7) "Operating an illegal business involving bookmaking is a violation of Louisiana Revised Statute, Title 14, Section 90."

Mr. Touchet argues that the facts noted above are enough to prove that Mr. Broussard acted in violation of La.R.S. 14:90. As noted above, to establish a felony under this statute, one must prove that "five or more persons are involved who conduct, finance, manage, supervise, direct, or own all or part of an illegal gambling business." The facts listed in the stipulation establish only that *Mr. Mazella*, not Mr. Broussard, operated an illegal gambling business. Nothing in the record suggests that Mr. Broussard "conducted," "financed," "managed," "supervised," directed," or "owned" any part of Mr. Mazella's business. Indeed, the facts demonstrate that Mr. Broussard cashed checks for Mr. Mazella's illegal business, nothing more.

Mr. Touchet wrongly and repeatedly asserts that Mr. Broussard admitted that his actions violated La.R.S. 14:90. He did not. The Stipulated Factual Basis for Guilty Plea merely states that "operating an illegal business involving bookmaking is a violation of Louisiana Revised Statute, Title 14, Section 90." The document does not, however, indicate that Mr. Broussard operated an illegal business involving bookmaking.

6

The court has also considered the elements of the federal offense as read to Mr. Broussard by Judge Haik:

In order for you to be found guilty in violation of Title 18, United States Code, Section 1955(a), the United States would have to prove the following essential elements beyond a reasonable doubt:

First: That you, along with four or more persons, knowingly conducted, financed, managed, supervised or owned all or part of a gambling business as charged or aided and abetted such activity;

Second: That said gambling business violated the laws of the State of Louisiana. Bookmaking is against the laws of State of Louisiana; and

Third: That said gambling business was in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 or more in any one day.

Mr. Touchet argues that by pleading guilty, Mr. Broussard conceded that he had committed the crime of gambling as described in paragraph one of the Elements of Offense as read by Judge Haik, and that Mr. Broussard confirmed this confession in the Stipulation when he said that bookmaking was a felony under Louisiana law. The court notes, however, that paragraph one of the Elements of Offense are qualified by the language "or aided and abetted such activity." Thus, though the plea is to a crime comparable to La.R.S. 14:90 which is a felony, the aided and abetted language qualifies the plea and limits it to the charge of aiding and abetting. Louisiana law does not contain an aiding and abetting statute comparable to the federal statute, and Mr. Touchet has pointed the court to no comparable

7

Louisiana felony. Mr. Touchet, in fact, points only to La.R.S. 14:90. As noted previously, the facts in the record do not prove that Mr. Broussard violated La.R.S. 14:90.

Thus, the facts in the record are insufficient to prove that Mr. Broussard committed a felony under Louisiana law, and Mr. Touchet failed to meet his burden of proof. The trial court's ruling that Mr. Touchet met his burden was in error and will be reversed.

## B. Mr. Broussard's First Offender Pardon and the Constitutional Implications

The final issue before us is whether the trial court erred in holding that the automatic pardon provided by La.Const. art. 4, § 5(E) did not restore Mr. Broussard's right to hold public office upon the completion of his sentence. That determination, however, hinges on a finding that Mr. Broussard is a felon under Louisiana law. Since we determined that Mr. Broussard's guilty plea does not amount to a felony under Louisiana law, we do not reach this constitutional issue.

## IV. **CONCLUSION**

Based upon the foregoing, we reverse the judgment of the trial court regarding the ability of Mr. Broussard to qualify as a candidate for city council. Costs of this appeal are assessed to Francis Touchet.

**REVERSED AND RENDERED.**

8