41 So.3d 1287 (2010)
Judith S. SCAGLIONE and Raymond C. Doran, Jr.
v.
Jeanne Nunez JUNEAU, Individually and in her Capacity as Candidate for the Office of Circuit Judge for the Fourth Circuit Court of Appeals, and Lena R. Torres, in her Capacity as Clerk of Court for the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana.
No. 2010-CA-1048.
Court of Appeal of Louisiana, Fourth Circuit.
July 23, 2010.
Peter J. Butler, Jr., Richard G. Passler, Breazeale Sachse & Wilson, LLP, New Orleans, LA, David L. Colvin, Jeffery P. Brothers, Travis J. Causey, Jr., David R. Aden, Ashley J. Becnel, The Colvin Law Firm Gretna, LA, Paul A. Tabary, Dysart & Tabary, L.L.P., Chalmette, LA, for Judith S. Scaglione & Raymond C. Doran, Jr.
*1288 Franz L. Zibilich, Metairie, LA, Leonard L. Levenson, Christian W. Helmke, Colleen Boyle Gannon, New Orleans, LA, for Jeanne Nunez Juneau.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR., Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME, Judge PAUL A. BONIN).
TERRI F. LOVE, Judge.
This suit arises from a challenge to candidacy for the office of Circuit Judge for the Louisiana Court of Appeal, Fourth Circuit, Third District, Division "A." The plaintiffs sought to challenge Jeanne Nunez Juneau's candidacy on the assertion that Ms. Juneau was a domiciliary of St. Tammany Parish. The trial court granted Ms. Juneau's exception of peremption because the plaintiffs' objection to candidacy failed to name the Honorable Jay Dardenne, in his official capacity as the Louisiana Secretary of State, as a defendant. We find no error in maintaining the exception of peremption and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On or about July 9, 2010, Jeanne Nunez Juneau qualified with the Louisiana Secretary of State as a candidate for the office of Circuit Judge for the Louisiana Court of Appeal, Fourth Circuit, Third District, Division "A." At 11:00 a.m. on July 16, 2010, Judith S. Scaglione and Raymond C. Doran, Jr. (hereinafter "Plaintiffs") filed a petition objecting to Ms. Juneau's candidacy with the Clerk of Court for the Thirty-Fourth Judicial District Court, Parish of St. Bernard. The Plaintiffs asserted that Ms. Juneau was not domiciled in St. Bernard Parish for one year prior to qualifying or prior to the election date of October 2, 2010,[1] and named the following defendants:
(1) JEANNE NUNEZ JUNEAU ("Juneau"), individually as a person of the full age of majority, and domiciled in the Parish of St. Tammany, State of Louisiana, and in her capacity as Candidate for the Office of Circuit Judge for the Fourth Circuit Court of Appeals; and
(2) LENA R. TORRES, in her capacity as Clerk of Court for the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana.
Prior to the trial court's hearing on the merits,[2] Ms. Juneau filed peremptory exceptions of prescription, peremption, non-joinder, and no cause of action. Ms. Juneau's exceptions were based on the fact that the Plaintiffs' petition failed to name as a defendant the Honorable Jay Dardenne, in his official capacity of the Louisiana Secretary of State. The trial court maintained Ms. Juneau's exception of peremption due to the failure to sue the Secretary of State and dismissed the Plaintiffs' claims with prejudice. The Plaintiffs then filed a motion for a suspensive appeal, which was granted. Subsequently, Ms. Juneau filed an answer to the Plaintiffs' appeal seeking to modify the trial court's judgment by having all costs taxed against the Plaintiffs.

*1289 STANDARD OF REVIEW

Peremption is a peremptory exception as outlined in La. C.C.P. art. 927. Peremption presents a legal question, which requires a de novo review. Williams v. Fahrenholtz, 08-0961, p. 3 (La.App. 4 Cir. 7/25/08), 990 So.2d 99, 101-02. Further, Louisiana's election laws are construed in favor of candidacy. Id., 08-0961, p. 3, 990 So.2d at 102.

OBJECTION TO CANDIDACY
The Plaintiffs concede that the Secretary of State was inadvertently omitted as a defendant but contend that the trial court erred in maintaining Ms. Juneau's exception of peremption because law and/or justice mandates the amendment of the petition to add the Secretary of State as a mandatory defendant. The Plaintiffs' assertion presents a res nova issue for this Court.

The Secretary of State as a Mandated Defendant
The Louisiana Election Code, contained in La. R.S. 18:1401, et seq., governs the Plaintiffs' claims. "A qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote." La. R.S. 18:1401(A). La. R.S. 18:1402(A) lists the proper parties as defendants and provides:
A. The following persons are the proper parties against whom actions objecting to candidacy shall be instituted:
(1) The person whose candidacy is objected to.
(2) The official, in his official capacity, before whom the person whose candidacy is objected to had qualified.
(Emphasis added). "The word `shall' is mandatory." La. R.S. 1:3.
The political office in the present matter is designated under the "state candidate" classification, which is defined as those who "are candidates for offices voted on throughout the state or throughout a congressional district, justice of the supreme court, judge of a court of appeal, and candidates for membership on a state board or commission." La. R.S. 18:452(1). State candidates qualify "with the secretary of state or a person in his office designated to receive qualifying papers." La. R.S. 18:462(A). Further, La. R.S. 18:1402(A)(2) mandates that the Secretary of State be included as a defendant in this action challenging Ms. Juneau's candidacy for the office of Circuit Judge for the Louisiana Court of Appeal, Fourth Circuit, Third District, Division "A."
This Court has recognized that the Secretary of State is a "statutorily mandated defendant." Jenkins v. Williamson-Butler, 04-1726, p. 2 (La.App. 4 Cir. 10/8/04), 883 So.2d 537, 539 n. 2. Further, William Crawford, attorney for the Secretary of State, testified that the Secretary of State is "a necessary or a mandatory party." In fact, Mr. Crawford stated that he was unaware of any cases involving objections to candidacy where the Secretary of State was not named as a defendant.
Given the statutory language and this Court's jurisprudence, we hold that the Secretary of State was a statutorily mandated defendant absent from the Plaintiffs' petition.

Peremption
"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. C.C. art. 3458. "Statutes of peremption destroy the cause of action." Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899, 901 (La.1900). "Peremption may not be renounced, interrupted, or suspended." La. C.C. art. 3461.
*1290 The timeframe for qualifying concluded on July 9, 2010, at 5:00 p.m. Subsequently, anyone challenging the candidacy of a qualified candidate had to file suit no "later than 4:30 p.m. of the seventh day after the close of qualifications." La. R.S. 18:1405(A). The calculation of the time delay includes Saturday and Sunday. La. R.S. 18:1413. Thus, the Plaintiffs' petition was timely, as it was filed on July 16, 2010, at 11:00 a.m. However, any filings after 4:30 p.m. on July 16, 2010, are perempted.
The Plaintiffs maintain that the trial court erred because it did not allow leave to amend the petition to add the Secretary of State. In support, the Plaintiffs recite La. R.S. 18:1406(B), which states:
The petition shall set forth in specific detail the facts upon which the objection or contest is based. If the action contests an election, the petition shall allege that except for substantial irregularities or error, fraud, or other unlawful activities in the conduct of the election, the petitioner would have qualified for a second party primary election or for a general election or would have been elected. The trial judge may allow the filing of amended pleadings for good cause shown and in the interest of justice.
The Plaintiffs claim that the last sentence affords them the opportunity to amend. However, Ms. Juneau asserts that the trial judge's discretionary allowance of amendments may only be extended in election contests. Due to our jurisprudential analysis, we do find that the Plaintiffs' argument regarding La. R.S. 18:1406(B) lacks merit.
Louisiana jurisprudence provides credence for the premise that a petition that has been perempted cannot be amended. The Louisiana Supreme Court, in Naghi v. Brener, 08-2527, p. 10 (La.6/26/09), 17 So.3d 919, 925, proclaimed that "there can be no escaping the fact that relation back interferes with the operation of the prescriptive or peremptive time period in that it avoids its operation." The Court held:
[b]ecause the cause of action no longer exists after the termination of the peremptive period and any right to assert the claim is destroyed, there is nothing to which an amended or supplemental pleading filed after the peremptive period has expired can relate back.
Naghi, 08-2527, p. 11, 17 So.3d at 925-26. This Court similarly held in Broadscape.com, Inc. v. Matthews, 07-0545, p. 9 (La.App. 4 Cir. 3/5/08), 980 So.2d 140, 145, and concluded that parties' "subsequent efforts to cure the defect in legal capacity" through an amended and supplemental petition filed after the peremptive period lapsed "did not relate back so as to suspend the running of the time delay." Thus, any amendment permitted after 4:30 p.m. on July 16, 2010, would not relate back to the original petition.
The Plaintiffs aver that the Secretary of State received notice and a copy of the petition. However, notice does not equate with the Secretary of State being a mandatory defendant. Accordingly, we do not find that the Plaintiffs are entitled to amend the original petition.

COSTS
Ms. Juneau asserts that the trial court erred in failing to tax all costs against the Plaintiffs. We find no merit in this argument. "A trial court has great discretion in awarding costs (including expert witness fees) and can only be reversed on appeal upon a showing of an abuse of that discretion." Watters v. Dep't of Soc. Servs., 08-0977, p. 49 (La.App. 4 Cir. 6/17/09), 15 So.3d 1128, 1162. We find no abuse of discretion in the trial court's decision not to tax all costs against the Plaintiffs.

*1291 DECREE

For the above reasons, we find that the trial court did not err in maintaining Ms. Juneau's exception of peremption and affirm. We also find that the trial court did not abuse its discretion in not taxing costs against the Plaintiffs.
AFFIRMED.
MURRAY, J., dissenting with reasons.
Although the trial court granted the defendant's exception of peremption, the more appropriate peremptory exception is nonjoinder of a necessary party, which the defendant also filed. Nonjoinder is one of the peremptory exceptions listed in La. C.C.P. art. 927(A). The plaintiffs acknowledge in their brief that they did not sue the proper party defendant. They acknowledge that the Election Code provides that the Secretary of State is a necessary party in a suit, such as this one, challenging the eligibility of a candidate for elected office. La. R.S. 18:1402 A(2). However, as the plaintiffs point out, the Election Code does not specify what the penalty is for failure to join the proper party; rather, the Election Code provides that "[a]ny procedural matter not specifically provided for in this Code shall be governed by the Code of Civil Procedure." La. R.S. 18:1414.
The remedy for sustaining a peremptory exception of nonjoinder is provided by La. C.C.P. art. 934, which provides that "when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." Pursuant to this provision, the plaintiffs should be allowed to cure the defect by amending to add the Secretary of State.
The defendant contends, and the trial court agreed, that the plaintiffs should not be allowed to cure the defect by amending their petition to add the Secretary of State because the peremptive period for commencing an election suit has already run and cannot be interrupted. In support the defendant and the trial court relied upon the Louisiana Supreme Court's recent case, Naghi v. Brener, 08-2527 (La.6/26/09), 17 So.3d 919, for the proposition that amendment of the petition and relation-back under La. C.C.P. art. 1153 cannot be used to get around peremption. The Naghi case, however, is distinguishable.
In Naghi, Mr. and Mrs. Naghi timely filed a legal malpractice action within the one-year peremptive period. The defendants responded by filing a partial exception of no right of action, claiming that the plaintiffs had no right of action for damage to the property because the property belonged to a corporation. The trial court granted the exception and allowed the plaintiffs to amend their petition. The individual plaintiffs were not dismissed because they had some ancillary personal claims. The plaintiffs then filed an amended petition adding the corporation as a plaintiff. In response, the defendants filed an exception of peremption. The trial court denied the exception, and this court denied the defendants' writ application. The Louisiana Supreme Court granted the defendants' writ application and reversed. In so doing, the Supreme Court reasoned that "the relation back theory assumes that there is a legally viable claim to which the pleading can relate back." Naghi, 08-2527 at p. 10, 17 So.3d at 925. Continuing, the Supreme Court reasoned that "because the Naghi's original petition, filed within the peremptive period, was brought by a party with no right of action to sue, the First Supplemental/Amending Petition filed after the peremptive party [(sic)] brought on behalf of the proper *1292 party plaintiff cannot relate back to the original timely filed petition." Naghi, 08-2527 at p. 11, 17 So.3d at 926.
The instant election suit is distinguishable from the malpractice suit in Naghi in several respects.
First, election suits are sui generis. "Election contests must be filed, tried, decided, appealed, and adjudicated with finality in a brief period of time, so as to facilitate preparation of the ballots and voting machines in the time span between the end of the qualifying period and the beginning of absentee voting. Time restraints and special procedural laws control the litigation from beginning to end." Nicholson v. Grisaffe, 438 So.2d 550, 554 (La.1983) (Lemmon, J., concurring in denial of rehearing). "[T]he time schedule obtaining in election contest cases is such that a rule of liberality with regard to amendments has been adopted and is usually observed." Burch v. McClendon 123 So.2d 636, 639 (La.App. 1st Cir.1960).
Second, in this case the trial court reached the peremption exception based on the Naghi case. In order to reach peremption, the trial court, as did the Supreme Court in Naghi, had to determine that there was no cause of action. The basis for the Supreme Court's holding in Naghi that the plaintiffs' amending petition adding the corporation could not relate back was because a cause of action had never been asserted by the corporation. The corporation's cause of action had not been timely asserted within the peremptive period and was dead at the time of the attempted amendment. In contrast, in this case the defendant's argument is that the plaintiffs failed to state a cause of action because they did not name both the candidate and the Secretary of State. However, nowhere in the Election Code does it state that for a plaintiff to state a cause of action challenging the qualifications of a candidate in a state-wide race, such as this one, the plaintiff must name both the candidate and the Secretary of State. The plaintiffs, who were proper plaintiffs, filed a timely election suit against a proper defendant, the candidate (Mrs. Juneau). The plaintiffs' claim against the Secretary of State is not a new claim. It is the same cause of action. As the plaintiffs point out, joining the Secretary of State as a defendant will not change the character of the suit because the cause of action will remain the same: a contest to Mrs. Juneau's qualifications to run for office. Thus, unlike in Naghi, in this case a viable cause of action exists to which a pleading adding the Secretary of State as a defendant can relate back. No justification exists for refusing to allow an amending petition adding the Secretary State as a defendant to relate back.
The plaintiffs contend that a similar procedural problem was presented in Touchet v. Broussard, 10-188 (La.App. 3 Cir. 2/19/10), 31 So.3d 1164, rev'd, 10-380 (La.3/3/10), 31 So.3d 986, in which an improper defendant was named in the election suit challenging a candidate's qualifications. The candidate responded to the suit by filing an exception citing the plaintiff's failure to name an indispensable partythe official before whom the candidate qualified. The trial court allowed an amendment to the pleading to add the officialthe clerk of court of Vermilion Parishas a party defendant. As the court of appeal noted, "[t]he trial court allowed Mr. Touchet's counsel to amend the petition by filing a handwritten amended pleading in court." Touchet, 10-188 at p. 2, 31 So.3d at 1166. Neither the court of appeal, nor the Louisiana Supreme Court which reversed the court of appeal's decision on the merits addressed the amendment to add the correct officialthe clerk of courtas a defendant. The plaintiffs *1293 contend that the approach taken in Touchet should be followed here. I agree.
The defendant's position is that the Election Code mandates that both the candidate and the Secretary of State be sued within the peremptive period in order to state a valid cause of action. In support, the defendant cites the mandatory "shall"language in La. R.S. 18:1402 A, which provides:
The following persons are the proper parties against whom actions objecting to candidacy shall be instituted:
(1) The person whose candidacy is objected to.
(2) The official, in his official capacity, before whom the person whose candidacy is objected to had qualified.
La. R.S. 18:1402. The legislative history of this provision reveals that before it was amended by Acts 2008, No. 136, it read "may" instead of "shall" and included the word "and" between the two parties. Section 1402 of the Election Code is ambiguous regarding whether both the candidate and the Secretary of State are required to be sued. Although the inclusion in the statute of a numerical list could be read to mean both parties must be sued, it can also be read to mean that suit against either of them is sufficient. Section 1402 includes neither the conjunction "and" nor "or" between the two parties listed. Given that the statute as currently written is ambiguous, I would conclude that the timely-filed suit against the candidate was sufficient to satisfy the requirements of the Election Code and to avoid peremption.
As the plaintiffs point out, the purpose of the Election Code is served by overruling the exception and allowing the suit to proceed. The majority correctly points out that a presumption exists in favor of candidacy. However, candidacy is not before us. What is before us is the procedure under the Election Code with regards to contesting the qualifications for candidacy. The presumption is not applicable to this purely legal issue of statutory construction. The presumption does not come into play until the trial on the merits. Construing the statute so as to allow this suit to proceed is consistent with the nature of election contests, which required quick action. "The short time delays [in the Election Code] are in the interest of the electorate, not the private parties litigant." Plaquemines Parish Council v. Petrovich, 95-2263, p. 2 (La.App. 4 Cir. 10/18/95), 662 So.2d 542, 543.
Allowing the suit to proceed despite the nonjoinder of the Secretary of State during the peremptive period will not result in any prejudice to the parties. Indeed, the Secretary of State's office was notified by the clerk of court of the filing of the suit, a representative (attorney) for the Secretary of State was present and testified at the hearing, and the Secretary of State's office has not complained regarding being joined.
For all these reasons, I would reverse the trial court's ruling and remand for an immediate trial on the merits.
McKAY, J., dissents.
I respectfully dissent and would reverse the trial court's maintaining of the defendant's peremptory exception of peremption and would remand the matter to the trial court for consideration of the case on the merits.
Although the plaintiffs' lawsuit challenging the candidacy of Ms. Juneau was timely filed, the trial court dismissed the plaintiffs' suit because it did not name the Louisiana Secretary of State as a defendant. The trial court refused to allow the plaintiffs to amend their petition.
In Touchet v. Broussard, 2010-188 (La. App. 3 Cir. 2/19/10), 31 So.3d 1164, Reversed on other grounds, XXXX-XXXX *1294 (La.3/3/10), 31 So.3d 986, the Third Circuit addressed an election contest where the improper defendants were named to the suit. In that case, a citizen challenged the eligibility of a city council candidate to appear on the ballot, but the candidate filed an exception into the record citing Mr. Touchet's failure to name an indispensible partythe official before whom Mr. Broussard qualified. Id. at 1166. The trial court permitted an amendment to the pleadings to add this defendant. Id. That is the same situation we have in the instant case and the trial court should have allowed the plaintiffs to amend their petition and cure the formal defect. The ambiguity in La. R.S. 18:1402 A is also troubling because the statute was amended in 2008 its meaning is not now clear.
While the plaintiffs did fail to initially name the Secretary of State in their lawsuit, I do not believe that this should be fatal to their case. The whole purpose of naming defendants is to put them on notice that they are party to a legal action. In the instant case, the Secretary of State's representative, William Crawford, was present in court and testified on July 20, 2010, that the Secretary of State received notification of the candidacy contest from the St. Bernard Parish Clerk of Court's Office via facsimile. He further testified that typically the Secretary of State would not have an objection due to lack of formal service. Accordingly, the Secretary of State had actual notice of the lawsuit within the peremptive period and had no objection to lack of formal service. There was no prejudice to any party. Even if the dismissal of the plaintiffs' lawsuit had been in accordance with the letter of the law, it violates the spirit of the law. We should not sacrifice justice on the altar of the law.
The plaintiffs' cause of action should not have been dismissed. It was filed timely, fully briefed, and all necessary parties had actual knowledge of the suit. In our legal system, it is important that litigants be given their day in court and that actions not be dismissed on formalities when the defect can be easily cured. Accordingly, I would reverse the trial court's maintaining of the defendant's peremptory exception of peremption and remand the matter to the trial court so that the plaintiffs may have their day in court.
BONIN, J., concurs with reasons.
I respectfully concur.
Our decision today makes no judgment on whether the challenged candidate, Ms. Juneau, possesses the constitutionally-determined qualifications for the office which she seeks. See La. Const. art. V, § 24(A)(1). We only decide that the cause of action which the objecting citizens, Ms. Scaglione and Mr. Doran, once had was destroyed by the passage of time when they failed to name the Secretary of State as a party defendant by 4:30 P.M. on July 16, 2010. See La. R.S. 18:1402 A(2), 1405, 452(1) and 462 A. As the objecting citizens acknowledge, the Lawmaker designed expedited court proceedings for challenging a candidate's qualifications and set forth a simple and clear directive that the Secretary of State must be sued as a defendant by the deadline. The Lawmaker's policy selection to foreclose protracted legal proceedings during a campaign for public office (which distract both the voters and the candidates) is, in my view, a sound selection, the effect of which is-in this case-to refer for the time being the issue of Ms. Juneau's qualifications to the voters of St. Bernard Parish or, as it is sometimes expressed, to the court of public opinion.
NOTES
[1] The specific factual allegations regarding Ms. Juneau's domicile are not currently before this Court and will not be recounted.
[2] Following a recusal of the judges of the Thirty-Fourth Judicial District Court of Louisiana, the Louisiana Supreme Court assigned retired Judge Jerome Winsberg to hear the matter ad hoc.