MURRAY, J.,
dissenting with reasons.
| ^Although the trial court granted the defendant’s exception of peremption, the more appropriate peremptory exception is nonjoinder of a necessary party, which the defendant also filed. Nonjoinder is one of the peremptory exceptions listed in La. C.C.P. art. 927(A). The plaintiffs acknowledge in their brief that they did not sue the proper party defendant. They acknowledge that the Election Code provides that the Secretary of State is a necessary party in a suit, such as this one, challenging the eligibility of a candidate for elected office. La. R.S. 18:1402 A(2). However, as the plaintiffs point out, the Election Code does not specify what the penalty is for failure to join the proper party; rather, the Election Code provides that “[a]ny procedural matter not specifically provided for in this Code shall be governed by the Code of Civil Procedure.” La. R.S. 18:1414.
| oThe remedy for sustaining a peremptory exception of nonjoinder is provided by La. C.C.P. art. 934, which provides that “when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” Pursuant to this provision, the plaintiffs should be allowed to cure the defect by amending to add the Secretary of State.
The defendant contends, and the trial court agreed, that the plaintiffs should not be allowed to cure the defect by amending their petition to add the Secretary of State because the peremptive period for commencing an election suit has already run and cannot be interrupted. In support the defendant and the trial court relied upon the Louisiana Supreme Court’s recent case, Naghi v. Brener, 08-2527 (La.6/26/09), 17 So.3d 919, for the proposition that amendment of the petition and relation-back under La. C.C.P. art. 1153 cannot be used to get around peremption. The Naghi case, however, is distinguishable.
In Naghi, Mr. and Mrs. Naghi timely filed a legal malpractice action within the one-year peremptive period. The defendants responded by filing a partial exception of no right of action, claiming that the plaintiffs had no right of action for damage to the property because the property belonged to a corporation. The trial court granted the exception and allowed the plaintiffs to amend their petition. The individual plaintiffs were not dismissed because they had some ancillary personal claims. The plaintiffs then filed an amended petition adding the corporation as a plaintiff. In response, the defendants filed an exception of peremption. The trial court denied the exception, and this court denied the defendants’ writ application. The Louisiana Supreme Court granted the defendants’ writ application and reversed. In so doing, the Supreme Court reasoned that “the relation back theory assumes that there is a legally viable claim to which the pleading can relate back.” Naghi, OS-2527 at p. 10, 17 So.3d at 925. |3Continuing, the Supreme Court reasoned that “because the Naghi’s original petition, filed within the peremptive period, was brought by a party with no right of action to sue, the First Supplemental/Amending Petition filed after the peremptive party [ (sic)] brought on behalf of the proper *1292 party plaintiff cannot relate back to the original timely filed petition.” Naghi, 08-2527 at p. 11,17 So.3d at 926.
The instant election suit is distinguishable from the malpractice suit in Naghi in several respects.
First, election suits are sui generis. “Election contests must be filed, tried, decided, appealed, and adjudicated with finality in a brief period of time, so as to facilitate preparation of the ballots and voting machines in the time span between the end of the qualifying period and the beginning of absentee voting. Time restraints and special procedural laws control the litigation from beginning to end.” Nicholson v. Grisaffe, 438 So.2d 550, 554 (La.1983) (Lemmon, J., concurring in denial of rehearing). “[T]he time schedule obtaining in election contest cases is such that a rule of liberality with regard to amendments has been adopted and is usually observed.” Burch v. McClendon 123 So.2d 636, 639 (La.App. 1st Cir.1960).
Second, in this case the trial court reached the peremption exception based on the Naghi case. In order to reach peremption, the trial court, as did the Supreme Court in Naghi, had to determine that there was no cause of action. The basis for the Supreme Court’s holding in Naghi that the plaintiffs’ amending petition adding the corporation could not relate back was because a cause of action had never been asserted by the corporation. The corporation’s cause of action had not been timely asserted within the per-emptive period and was dead at the time of the attempted amendment. In contrast, in this case the defendant’s argument is that the plaintiffs failed to state a cause of action because they did not name both the candidate and the Secretary of State. However, nowhere in the Election Code does it state that |4for a plaintiff to state a cause of action challenging the qualifications of a candidate in a state-wide race, such as this one, the plaintiff must name both the candidate and the Secretary of State. The plaintiffs, who were proper plaintiffs, filed a timely election suit against a proper defendant, the candidate (Mrs. Juneau). The plaintiffs’ claim against the Secretary of State is not a new claim. It is the same cause of action. As the plaintiffs point out, joining the Secretary of State as a defendant will not change the character of the suit because the cause of action will remain the same: a contest to Mrs. Juneau’s qualifications to run for office. Thus, unlike in Naghi, in this case a viable cause of action exists to which a pleading adding the Secretary of State as a defendant can relate back. No justification exists for refusing to allow an amending petition adding the Secretary State as a defendant to relate back.
The plaintiffs contend that a similar procedural problem was presented in Touchet v. Broussard, 10-188 (La.App. 3 Cir. 2/19/10), 31 So.3d 1164, rev’d, 10-380 (La.3/3/10), 31 So.3d 986, in which an improper defendant was named in the election suit challenging a candidate’s qualifications. The candidate responded to the suit by filing an exception citing the plaintiffs failure to name an indispensable party — the official before whom the candidate qualified. The trial court allowed an amendment to the pleading to add the official — the clerk of court of Vermilion Parish — as a party defendant. As the court of appeal noted, “[t]he trial court allowed Mr. Touchet’s counsel to amend the petition by filing a handwritten amended pleading in court.” Touchet, 10-188 at p. 2, 31 So.3d at 1166. Neither the court of appeal, nor the Louisiana Supreme Court which reversed the court of appeal’s decision on the merits addressed the amendment to add the correct official — the clerk of court — as a defendant. The plain *1293 tiffs contend that the approach taken in Touchet should be followed here. I agree.
| -The defendant’s position is that the Election Code mandates that both the candidate and the Secretary of State be sued within the peremptive period in order to state a valid cause of action. In support, the defendant cites the mandatory— “shall” — language in La. R.S. 18:1402 A, which provides:
The following persons are the proper parties against whom actions objecting to candidacy shall be instituted:
(1) The person whose candidacy is objected to.
(2) The official, in his official capacity, before whom the person whose candidacy is objected to had qualified.
La. R.S. 18:1402. The legislative history of this provision reveals that before it was amended by Acts 2008, No. 136, it read “may” instead of “shall” and included the word “and” between the two parties. Section 1402 of the Election Code is ambiguous regarding whether both the candidate and the Secretary of State are required to be sued. Although the inclusion in the statute of a numerical list could be read to mean both parties must be sued, it can also be read to mean that suit against either of them is sufficient. Section 1402 includes neither the conjunction “and” nor “or” between the two parties listed. Given that the statute as currently written is ambiguous, I would conclude that the timely-filed suit against the candidate was sufficient to satisfy the requirements of the Election Code and to avoid peremption.
As the plaintiffs point out, the purpose of the Election Code is served by overruling the exception and allowing the suit to proceed. The majority correctly points out that a presumption exists in favor of candidacy. However, candidacy is not before us. What is before us is the procedure under the Election Code with regards to contesting the qualifications for candidacy. The presumption is not applicable to this purely legal issue of statutory construction. The presumption does not come into play until the trial on the merits. Construing the statute so as to allow this suit to proceed is consistent with the nature of election contests, which | (¡required quick action. “The short time delays [in the Election Code] are in the interest of the electorate, not the private parties litigant.” Plaquemines Parish Council v. Petrovich, 95-2263, p. 2 (La.App. 4 Cir. 10/18/95), 662 So.2d 542, 543.
Allowing the suit to proceed despite the nonjoinder of the Secretary of State during the peremptive period will not result in any prejudice to the parties. Indeed, the Secretary of State’s office was notified by the clerk of court of the filing of the suit, a representative (attorney) for the Secretary of State was present and testified at the hearing, and the Secretary of State’s office has not complained regarding being joined.
For all these reasons, I would reverse the trial court’s ruling and remand for an immediate trial on the merits.