McKAY, J.,
dissents.
|TI respectfully dissent and would reverse the trial court’s maintaining of the defendant’s peremptory exception of per-emption and would remand the matter to the trial court for consideration of the case on the merits.
Although the plaintiffs’ lawsuit challenging the candidacy of Ms. Juneau was timely filed, the trial court dismissed the plaintiffs’ suit because it did not name the Louisiana Secretary of State as a defendant. The trial court refused to allow the plaintiffs to amend their petition.
In Touchet v. Broussard, 2010-188 (La. App. 3 Cir. 2/19/10), 31 So.3d 1164, Reversed on other grounds, 2010-0380 *1294 (La.3/3/10), 31 So.3d 986, the Third Circuit addressed an election contest where the improper defendants were named to the suit. In that case, a citizen challenged the eligibility of a city council candidate to appear on the ballot, but the candidate filed an exception into the record citing Mr. Touchet’s failure to name an indispen-sible party — the official before whom Mr. Broussard qualified. Id. at 1166. The trial court permitted an | .¿amendment to the pleadings to add this defendant. Id. That is the same situation we have in the instant case and the trial court should have allowed the plaintiffs to amend them petition and cure the formal defect. The ambiguity in La. R.S. 18:1402 A is also troubling because the statute was amended in 2008 its meaning is not now clear.
While the plaintiffs did fail to initially name the Secretary of State in their lawsuit, I do not believe that this should be fatal to their case. The whole purpose of naming defendants is to put them on notice that they are party to a legal action. In the instant case, the Secretary of State’s representative, William Crawford, was present in court and testified on July 20, 2010, that the Secretary of State received notification of the candidacy contest from the St. Bernard Parish Clerk of Court’s Office via facsimile. He further testified that typically the Secretary of State would not have an objection due to lack of formal service. Accordingly, the Secretary of State had actual notice of the lawsuit within the peremptive period and had no objection to lack of formal service. There was no prejudice to any party. Even if the dismissal of the plaintiffs’ lawsuit had been in accordance with the letter of the law, it violates the spirit of the law. We should not sacrifice justice on the altar of the law.
The plaintiffs’ cause of action should not have been dismissed. It was filed timely, fully briefed, and all necessary parties had actual knowledge of the suit. In our legal system, it is important that litigants be given their day in court and that actions not be dismissed on formalities when the defect can be easily cured. Accordingly, I would reverse the trial court’s maintaining of the defendant’s peremptory exception of peremption and remand the matter to the trial court so that the plaintiffs may have their day in court.